EXHIBIT A

1   Stephanie J. Quincy, SBN 014009
    quincys@gtlaw.com
2   Aaron J. Lockwood, SBN 025599
3   lockwooda@gtlaw.com
    GREENBERG TRAURIG, LLP
4   2375 E. Camelback Road, Suite 700
    Phoenix, Arizona 85016
5   (602) 445-8000

6
    *Attorneys for Respondent Bruce Allen*
7

8                  **IN THE UNITED STATES DISTRICT COURT**

9                     **FOR THE DISTRICT OF ARIZONA**

10                                        | Case No. 2:21-mc-00022-SPL
11
    In re Application of Daniel Snyder for an   | **DECLARATION OF BRUCE ALLEN**
12   Order Directing Discovery from Bruce       | **IN SUPPORT OF MOTION TO**
     Allen Pursuant to 28 U.S.C. §1782          | **VACATE APRIL 29, 2021 EX PARTE**
13                                              | **ORDER AND QUASH SUBPOENAS**
14                                              | **OR, ALTERNATIVELY, FOR**
                                                | **PROTECTIVE ORDER**
15

16

17          I, Bruce Allen, declare as follows:

18          1.      I am the Respondent in the above-captioned action. I make this Declaration

19   in support of my Motion to Vacate the April 29, 2021 *Ex Parte* Order and Quash

20   Subpoenas or, Alternatively, for Protective Order.

21          2.      I have personal knowledge of the matters stated here, and, based on that

22   knowledge, I can and will testify competently to them, if called upon to do so.

23          3.      Most of my professional career has been spent in college, semi-

24   professional, and professional football. A true and correct copy of my resume is attached

25   hereto as Exhibit 1.

26          4.      I worked with the Oakland Raiders from 1995-2003 and the Tampa Bay

27   Buccaneers from 2004 to 2008.  It was during my time with the Oakland Raiders that I

28   first met John Moag.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

5.     In mid-December 2009, I assumed the roles of Executive Vice-President (later promoted to President) and General Manager of the Washington Football Team, formerly known as the Washington Redskin (the "Team"), a position I held until the 2019-2020 season.

6.     In those roles, among a myriad of responsibilities, I represented the Team in NFL affairs, brokered training-camp deals, negotiated player contracts, and labored to get the Team a new stadium.

7.     Despite the executive roles I held with the Team, I maintained a low profile with respect to the media, rarely participating in press conferences or otherwise interfacing or even speaking with reporters.

8.     I also try to avoid social media, and I maintain no accounts with Facebook, LinkedIn, or Twitter.

9.     I have never served as an anonymous source for any news or media reports.

10.     Since departing from the Team on December 30, 2019, I have not spoken to reporters or responded to any media inquiries, on any subject, to include the articles published online (the "Epstein Articles"), which reportedly prompted Daniel Snyder, the Petitioner in this action and the Team's longtime, controlling owner, to file a defamation lawsuit in India (the "Indian Action"). In fact, Mr. Snyder requested that I not have a press conference related to my departure, a request I honored.

11.     I have had no communications whatsoever with the defendants in the Indian Action, or anyone connected to them, and have no knowledge of the source or sources of the alleged defamation at issue in the Indian Action.

12.     I have never contacted, or been contacted by, anyone from India or anyone connected to any Indian internet or media entity or publication, whether via phone, text, email, or otherwise.

13.     Nor do I have any documents from India, or anyone connected to any Indian internet or media entity or publication.

14.    I have never so much as speculated about Mr. Snyder having a connection to Jeffrey Epstein or being involved in sex trafficking and in fact I don't know if Mr. Snyder even knew Mr. Epstein. Nor am I aware of anyone else who has ever engaged in such speculation, except as reflected in the Epstein Articles.

15.    I unequivocally deny any connection whatsoever to the Epstein Articles or any alleged broader "campaign of defamation" against Mr. Snyder.

16.    After Mr. Snyder terminated my position with the Team, he sought to withhold the last of my contractually protected compensation.

17.    Specifically, Mr. Snyder attempted to use the coronavirus pandemic as an opportunity to reduce the amount still owed to me.

18.    To that end, he caused the Team's general counsel to send me a letter on April 1, 2020, a true and correct copy of which is attached hereto as Exhibit 2.

19.    Mr. Snyder's attempt to withhold my compensation forced me to retain legal counsel and initiate a proceeding through the NFL, in which I prevailed.

20.    The Subpoenas Mr. Snyder recently served on me ask for documents and information that include this compensation dispute and my communications with legal counsel made in connection with it.

21.    In late 2020, I understand that Mr. Snyder was involved in a dispute being arbitrated under the NFL's bylaws with Dwight Schar, Robert Rothman, and Frederick Smith – individuals who then owned minority interests in the Team.

22.    In connection with that arbitration, on September 30, 2020, Mr. Snyder had served on me a set of document requests, a true and correct copy of which is attached hereto as Exhibit 3.

23.    I never responded to those requests, which Mr. Snyder subsequently abandoned.

24.    I have known John Moag for about 25 years.

25.    Mr. Moag has been involved in professional sports for decades, and we share a common interest in the business of football, and sports in general.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

3

26.     Mr. Moag also represented the Team's former minority owners in their efforts to sell their interests.

27.     As such, Mr. Moag and I have regularly communicated over the years by text, email, and phone about NFL Teams, the NFL owners, and football generally.

28.     Mr. Moag and I also have discussed news articles about NFL Teams, the NFL owners, or football generally, but always *after* such articles were published—not before.

29.     None of these communications had anything to do with the Epstein Articles or the Indian Action until *after* these articles were published on or about July 17, 2020.

30.     Shortly after the Epstein Articles' publication, Mr. Moag texted me about them. A true and correct copy of our exchange is attached hereto as Exhibit 4.

31.     As reflected in my messages to Mr. Moag at the time, I was surprised by the Epstein Articles, did not believe them to true, and did not find them at all funny.

32.     After being quarantined in response to the coronavirus pandemic in April 2020, I used my phone more often to speak with my family and friends, including Mr. Moag.

33.     Mr. Snyder's Subpoenas ask about my communications with Mary Ellen Blair. I have not spoken with Ms. Blair at any time since my December 2019 departure from the Team.

34.     Mr. Snyder's Subpoenas ask about my communications with Bobby Potter. I do not know to whom this is referring and have never spoken with a Bobby Potter.

35.     I use one email account and one cell phone and number for both business and personal purposes, including communications with legal counsel.

36.     I rarely, if ever, delete messages from my email account, which includes untold thousands of email messages in it, dating back many years.

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

1        I declare under penalty of perjury of the laws of the United States that the

2    foregoing is true and correct.

3    Executed on this ___14___ day of May 2021.

4

5    By: _____

6           Bruce Allen

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

5

# EXHIBIT 1

# BRUCE ALLEN

## CONTACT

REDACTED

## EDUCATION

**University of Richmond**
*1974-1977*
BA in Management
Robins School of Business

## ACHIEVEMENTS

**University of Richmond
Hall of Fame**

**2002 NFL Executive of the year**

**Youngest Head Coach in
college football history**

## COMMUNITY

**Moffitt charitable foundation**
*board member*

**Friends of the World War II
Memorial**
*Board Member*

**Washington Redskins Charitable
Foundation**
*President*

## EXPERIENCE

*2009-2019* **Washington Redskins**
President
General Manager

*2004-2008* **Tampa Bay Buccaneers**
General Manager

*1995-2003* **Oakland Raiders**
Senior Assistant

1994 **ProServ**
President of Football Division

1989-1993 **Paradise Sports**
President
• Athlete representation and golf publications and television
shows

1985-1989 **GBA Sportsworld**
President
• Athlete representation and business consulting

1984 **Arizona Wranglers (USFL)**
General Manger

1982-1983 **Chicago Blitz (USFL)**
General Manager

1981 **Montreal Alouettes (CFL)**
Vice President

1980 **Los Angeles Thunderbolts (Semi-Pro League)**
Head Coach & General Manager

1979 **Occidental College**
Head Coach

1978 **Arizona State University**
Assistant Football Coach

1977 **Baltimore Colts**
Drafted, waived after preseason

BA000021

EXHIBIT 2



**WASHINGTON REDSKINS**
21300 REDSKIN PARK DRIVE
ASHBURN, VA 20147
703.726.7000

CONFIDENTIAL

VIA EMAIL

April 1, 2020

Bruce Allen
gbruceallen@gmail.com

      Re:  Salary reduction

Dear Bruce:

      As you know, despite the termination of your employment with Pro-Football, Inc. (the "Club") by the Club on December 30, 2019, the Club is paying you the salary due under section 3 of your December 30, 2013 contract with the Club, as amended on April 14, 2017, through the end of your contract with the Club, as if you were still employed by the Club.  That continued payment is subject to your duty of mitigation and the Club's right of offset, detailed in section 13 of your contract.  Your contract with the Club ends on January 31, 2021.

      This letter confirms that, as discussed yesterday, per section 14 of your contract, the Club has reduced your salary by 50%.  The reduction is effective March 13, 2020.

      Please contact me with any questions.

      Sincerely,

      Will Rawson
      General Counsel
      Washington Redskins
      703-726-7356
      rawsonw@redskins.com

BA000011

# EXHIBIT 3

**IN THE MATTER OF AN ARBITRATION UNDER THE BYLAWS OF THE
NATIONAL FOOTBALL LEAGUE BETWEEN**

ROBERT ROTHMAN, DWIGHT C. SCHAR,
FREDERICK W. SMITH,

                    Claimants,

    v.

DANIEL M. SNYDER,

                   Respondent

    and

WASHINGTON FOOTBALL, INC.,

                   Nominal Respondent.

**CONFIDENTIAL**

## PRINCIPAL OWNER'S REQUEST FOR DOCUMENTS TO BRUCE ALLEN

Pursuant to Rule 6.1 of the National Football League Dispute Resolution Procedural Guidelines and Scheduling Order No. 2 ¶ 2(e) in the above-captioned action, Principal Owner Daniel M. Snyder, through his undersigned counsel, requests that Bruce Allen respond in writing to this Request for Production of Documents and commence production on a rolling basis by October 14, 2020, to be completed no later than October 30, 2020.  Productions may be made on a rolling basis and should be made electronically to the undersigned email addresses.

## DEFINITIONS

1.      The terms **"You," "Your,"** or **"Yourself,"** refer to Bruce Allen, and any agents, attorneys, consultants, accountants, representatives, or other persons or entities acting or purporting to act on Your behalf or under Your control.

2.      The term **"Arbitration"** means the above-captioned arbitration.

BA000013

3.      The term **"Claimants"** refers collectively to all of the Claimants/Counterclaim Respondents – Robert Rothman, Dwight C. Schar, and Frederick W. Smith – including without limitation any agents, attorneys, consultants, accountants, representatives, or other professional personnel acting or having acted on their behalf or purporting to act on their behalf.

4.      The term **"WFI"** refers to Washington Football, Inc. and any of its subsidiaries (including, but not limited to, WFI Group, Inc., Pro-Football, Inc., Redskin Park, Inc., and WFI Stadium, Inc.), and any of their parents, affiliates, predecessors, members, employees, representatives, officers, owners, directors, managers, agents, attorneys, assigns, and any other entities or persons acting or purporting to act on its behalf.

5.      The term "**Moag**" refers to Moag & Company and John Moag, including without limitation any agents, attorneys, consultants, accountants, or other professional personnel acting or having acted on their behalf or purporting to act on their behalf.

6.      The term **"Communication" (or "Communications")** refers to the transmittal of information (in the form of facts, ideas, inquiries or otherwise).  This includes, but is not limited to any statement, discussion, conversation, letter, correspondence, memorandum, note, email, voice mail, text, tweet, post, reply, or other exchange of words, thoughts, or ideas to any other person or entity, whether in person, in a group, in a professional or private capacity.

7.      The term **"concerning"** means relating to, referring to, describing, evidencing or constituting.

8.      The term **"Document" (or "Documents")** is refers to any writings, drawings, plans, recordings, voice mail, images, and other data or data compilation, stored in any medium. A draft or non-identical copy is a separate Document within the meaning of this term.

BA000014

9.      The term **"Person"** is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10.     The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.     The terms **"all," "any," and "each"** shall each be construed as encompassing any and all.

<u>**INSTRUCTIONS**</u>

1.      These requests call for all Documents or Communications that are known or available to You, including every document in Your possession, custody, or control.  A document is deemed to be in actual or constructive possession, custody, or control if it is in a Person's physical custody, or if it is in the physical custody of any other Person and You (a) own such document in whole or in part; (b) have a right to use inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when You sought to do so.  For the avoidance of doubt, a document is deemed to be in Your actual or constructive possession, custody, or control if it is accessible on a network or server that You maintain or have (or can reasonably obtain) access to.

2.      Documents and Communications referred to herein should be produced in their full and complete form, including all their original unredacted material, all attachments, enclosures, appendices, and supporting documentation, including, without limitation non-identical copies (that may contain handwritten notes, markings, stamps, interlineations, or electronic information), drafts, working papers, , and similar materials.

BA000015

3.      If any Document or Communication, in whole or in part, called for by these requests has been destroyed, discarded, lost, or otherwise disposed of or placed beyond your possession, custody, or control, you are to furnish a list identifying each such document by: (a) date, (b) author; (c) recipient(s); (d) type of document (e.g., letter, memorandum, chart, e-mail, etc.); (e) general subject matter; (f) the document's present or last-known location or custodian; (g) the date of the document's destruction or other disposition; (h) the reason for such destruction or other disposition; and (i) the person authorizing such destruction or other disposition.

4.      If a privilege is claimed as the basis for not producing any document, You are to furnish a privilege log setting forth, for each such document: (a) the nature of the privilege (including work product) which is being claimed; (b) the grounds on which the claim of privilege rests; (c) the type of document, e.g., letter, memorandum, etc.; (d) the general subject matter of the document; (e) the date of the document; and (f) the author of the document, the addressees and any other recipients of the document and, where not apparent, the relationship of the author, addressees, and recipients to each other.

5.       The singular form of a noun or pronoun shall include the plural of the noun or pronoun, and vice versa.

6.      If You object to any part of these requests:  (a) state each objection You assert in sufficient detail to permit the Arbitrator to determine the validity of the objection; and (b) produce all responsive information to which Your objection does not apply.

7.      These requests shall be deemed continuing, and anything obtained subsequent to production which would have been produced shall be produced forthwith.

8.      Nothing in these requests shall be deemed an admission of any kind against Respondents.

BA000016

9.      Unless otherwise stated, the time period for these requests is from January 1, 2019 to the present.

## **REQUESTS FOR PRODUCTION**

1.      All Documents and Communications concerning this Arbitration.

2.      All Documents and Communications concerning Claimants, their ownership interest in WFI, their positions on the Board of WFI, or their involvement in a contemplated, potential, or actual change in the name of the Washington Football Team (formerly the Washington Redskins).

3.      All Documents and Communications concerning Daniel M. Snyder.

4.      All Documents and Communications concerning any social media posts You have made, or caused to be made, concerning WFI, the Washington Football Team, and/or Daniel M. Snyder.

5.      All Documents and Communications concerning news, social media, or other public reports concerning Claimants, Daniel M. Snyder, or WFI.

6.      All Documents and Communications concerning Daniel M. Snyder, WFI or the Washington Football Team, with or between any of the following Persons or their current or former representatives, employees, agents acting or purporting to act on their behalf:

        a)      Claimants;

        b)      Any news publication or press outlet; or

        c)      Any member of the press.

7.      All Documents and Communications concerning Daniel M. Snyder, WFI or the Washington Football Team, with or between Moag or their current or former representatives, employees, agents acting or purporting to act on their behalf.

BA000017

8.      All Documents and Communications between You, on the one hand, and a third-party or Claimants on the other hand, concerning Daniel M. Snyder and his operation, management, or governance of WFI.

9.      All Documents and Communications between You, on the one hand, and a third-party or Claimants on the other hand, concerning any family members of Daniel M. Snyder, WFI, the Washington Football Team, and/or any current or former owners or employees of the Washington Football Team.

10.     All Documents and Communications between You, on the one hand, and a third-party or Claimants on the other hand, concerning recent allegations in the press regarding Daniel M. Snyder.

11.     All Documents and Communications concerning Eric Schaffer.

12.     All Documents and Communications concerning status, roles, responsibilities, or actions as an employee of WFI.

13.     All Documents and Communications concerning Your employment and tenure as as WFI President and/or Your termination from that position.

14.     All Documents and Communications concerning Mary Ellen Blair, any other former employee of WFI, or any current employee of WFI.

Dated: September 30, 2020                    Respectfully submitted,

                                             DECHERT LLP

                                             */s/ Andrew J. Levander*
                                             Andrew J. Levander
                                             Neil A. Steiner
                                             Three Bryant Park
                                             1095 Avenue of the Americas
                                             New York, NY 10036
                                             Phone: (212) 698-3500

BA000018

Fax: (212) 698-3599
andrew.levander@dechert.com
neil.steiner@dechert.com

Christina Guerola Sarchio
Amisha R. Patel
1900 K Street NW
Washington, DC 20006
Telephone: (202) 261-3300
Fax: (212) 261-3333
christina.sarchio@dechert.com
amisha.patel@dechert.com

*Counsel for Daniel M. Snyder*

7

BA000019

EXHIBIT 4

Bruce Allen-John Moag  7/17/2020

