1   Gregory J. Marshall (#019886)
    Patrick A. Tighe (#033885)
2   SNELL & WILMER L.L.P.
    One Arizona Center
3   400 E. Van Buren, Suite 1900
    Phoenix, Arizona 85004-2202
4   Telephone:  602.382.6000
    gmarshall@swlaw.com
5   ptighe@swlaw.com

6   Jordan W. Siev (*Admitted Pro Hac Vice*)
    REED SMITH LLP
7   599 Lexington Avenue, 22nd Floor
    New York, NY 10022
8   Tel: (212) 521-5400
    jsiev@reedsmith.com
9

    *Attorneys for Petitioner Daniel Snyder*
10

11                **IN THE UNITED STATES DISTRICT COURT**

12                **FOR THE DISTRICT OF ARIZONA**

13                                          Case No. 2:21-mc-00022-SPL

14  In re Application of Daniel Snyder      **AMENDED OPPOSITION TO**
    for an Order Directing Discovery from   **RESPONDENT BRUCE ALLEN'S**
15  Bruce Allen Pursuant to 28 U.S.C. § 1782 **MOTION TO VACATE AND/OR**
                                            **TO QUASH PETITIONER'S**
16                                          **SUBPOENAS**

17

18          Petitioner Daniel Snyder ("**Mr. Snyder**" or "**Petitioner**") responds to Respondent

19  Bruce Allen's Answer to Petition and Motion to Vacate April 29, 2021 *Ex Parte* Order and

20  Quash Subpoenas or, Alternatively, For Protective Order as follows:

21                          **PRELIMINARY STATEMENT**

22          Petitioner Daniel Snyder submits this amended memorandum of law, along with the

23  accompanying Amended Declaration of Jordan W. Siev, dated June 19, 2021, in opposition

24  to respondent Bruce Allen's ("**Respondent**" or "**Mr. Allen**") "Answer to Petition and

25  Motion to Vacate April 29, 2021 Ex Parte Order and Quash Subpoenas or, Alternatively,

26  for Protective Order" (the "**Motion**").

27          Mr. Allen's Motion fails to set forth any valid grounds for depriving Petitioner of the

28  ability to seek the discovery set forth in the subpoenas to produce documents and to testify

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

1    at a deposition (the "**Subpoenas**") that were duly served on Mr. Allen pursuant to this

2    Court's order granting Petitioner's underlying Section 1782 application [Dkt. No. 4] (the

3    "**Order**").  Styled as both an "answer," and a motion to "vacate" the Order, to "quash" the

4    Subpoenas, and/or for a "protective order," Respondent spends much of the Motion

5    attempting to malign Petitioner rather than attempting to satisfy his burden of persuasion

6    under the relevant criteria for any such motion.  In doing so, Mr. Allen demonstrates his

7    bad faith intent and reinforces his pattern and practice of making derogatory and false

8    claims concerning Petitioner and the Washington Football Team (the "**Team**") —his former

9    employer —in order to distract from his own egregious misconduct.  Indeed, Mr. Allen's

10   self-serving declaration, which is untested by cross-examination, makes numerous

11   misleading if not false claims concerning his own innocence in terms of interacting with the

12   media, and attempts to point the finger instead at Petitioner based on speculation and

13   misinformation.  However, as set forth in detail in the accompanying Siev Declaration, Mr.

14   Allen himself has a long history of using the public media to advance his own agenda

15   against anyone adverse to him – which is precisely the conduct that is at issue in the Indian

16   Action for which Petitioner seeks discovery from Respondent herein.  This, standing alone,

17   highlights the need for the requested discovery.

18        As described below, the Motion is procedurally and substantively deficient in all

19   respects and should be denied in its entirety.  To the extent Mr. Allen describes the Motion

20   as an "Answer," the Court already has ruled on Petitioner's underlying application on an *ex*

21   *parte* basis – as the Court is authorized to do – and therefore no answer is required or

22   permitted.  The Motion likewise fails as a motion to "vacate" the Order.  Respondent fails

23   to identify any errors in the Court's Order, nor does Respondent present any evidence to

24   contradict the facts set forth in the Petition which support the Court's finding that the

25   discovery Petitioner seeks from Mr. Allen is narrowly tailored and relevant to the Indian

26   Action, and that Petitioner is authorized to seek that discovery from Mr. Allen.  Instead,

27   Respondent relies on mischaracterizations of the relevant standards, as well as conspiracy

28

SNELL & WILMER
——— L.L.P. ———
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

1  theories and sheer speculation – all of which plainly is insufficient to challenge the Order,

2  which was properly rendered.

3          The Motion similarly fails as an attempt to quash the Subpoenas.  The Motion, which

4  was filed prior to the parties having the opportunity to meet and confer and in violation of

5  the Court's rules, provides no valid grounds for restricting or prohibiting Petitioner from

6  seeking highly relevant evidence for use in the Indian Action.  Mr. Allen fails to adduce

7  any evidence of particularized harm or prejudice, nor does he provide any concrete evidence

8  of burden associated with compliance.  Mr. Allen once again relies on speculation and

9  boilerplate objections as a means to avoid his discovery obligations.  However, the law is

10 clear that a party seeking to quash or modify a subpoena bears the burden of presenting

11 more than mere conjecture and generalized concerns of "burden."  This is especially true

12 where, as here, Petitioner already has offered to engage an independent forensic review

13 company to gather the relevant data and run ESI searches for Mr. Allen and to pay all

14 associated costs – thus relieving any monetary and/or time constraints that the requested

15 discovery may impose on Mr. Allen.

16         Likewise, Mr. Allen's argument that Petitioner already has obtained the requested

17 discovery from the defendants in the Indian Action and/or third parties, including through

18 other Section 1782 proceedings, is demonstrably false and otherwise insufficient grounds

19 for quashing the subject Subpoenas.  As Mr. Allen and his counsel well know, Petitioner

20 obtained only a partial production of documents from Mr. Allen's known associate, Mr.

21 John Moag, in connection with a separate proceeding in the District of Maryland.  Mr.

22 Moag's spoliation of evidence – which included text conversations with Mr. Allen, and

23 which occurred during the time he was represented by the very same law firm representing

24 Mr. Allen here – is the subject of a sanctions motion that is currently pending before that

25 court.  Regardless, Petitioner is entitled to seek such discovery from Respondent even if it

26 is available through other parties (which it is not). Thus, Respondent's claim that any further

27 discovery from Mr. Allen would be duplicative or cumulative is without merit.

28

- 3 -

1    Finally, the Motion fails as an attempt to seek a protective order and/or to impose

2    attorneys' fees.  Mr. Allen's broad claims of confidentiality and privacy are woefully

3    insufficient to merit a protective order, as a moving party bears the heavy burden of

4    demonstrating specific examples of documents and information that should be protected.

5    As the Court has noted in granting the Petition, the Subpoenas are tailored to documents

6    and communications concerning Petitioner, the Team and the campaign of negative

7    publicity concerning both – which includes the Defamatory Articles that are at the heart of

8    the Indian Action.  Thus, the information sought is proper.

9                              **FACTUAL BACKGROUND**

10   For a full statement of the relevant factual background, Petitioner respectfully refers

11   the Court to the annexed Declaration of Jordan W. Siev, dated June 18, 2021 (the "**Siev**

12   **Decl.**"), as well as the underlying Petition [Dkt. 1].

13                                    **ARGUMENT**

**I.    RESPONDENT'S "ANSWER" IS BELATED AND SHOULD BE**
14   **STRICKEN**

15   To the extent that Respondent attempts to "answer" Mr. Snyder's petition in the

16   underlying proceeding brought pursuant to 28 U.S.C. Section 1782, this "pleading" should

17   be stricken as this Court already has granted Petitioner's application on an *ex parte* basis –

18   as this Court is fully authorized to do.  [Dkt. No. 4].  Accordingly, no response is required

19   or permitted.  *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216,

20   1219 (9th Cir. 1976)*; Gushlak v. Gushlak,* 486 F. App'x 215, 217 (2d Cir. 2012).

21

**II.   THE COURT SHOULD DENY RESPONDENT'S MOTION TO VACATE**
22   **BECAUSE IT IS PROCEDURALLY IMPROPER**

23   Respondent's attempt to challenge this Court's order granting Petitioner's

24   application is improper and fails to set forth any valid grounds for reversal.

25       **A.   Respondent's Motion to Vacate is Procedurally Defective**

26   First, Respondent fails to cite any legal authority for this Court to "vacate" its prior

27   order, which properly analyzed Petitioner's application pursuant to 28 U.S.C. § 1782 under

28

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

1    both the mandatory and discretionary factors set forth in *Intel Corp. v. Advanced Micro*

2    *Devices, Inc.*, 542 U.S. 241, 264 (2004) and found that all requisite elements were satisfied.

3    [Dkt No. 4]. Respondent makes no attempt whatsoever to identify any errors in the Court's

4    order, or to challenge its analysis under the Section 1782 test. For this reason, the branch

5    of Respondent's motion seeking to vacate the Order should be denied.

6          Second, where, as here, the Court sets forth specific procedural options available to

7    a respondent in a Section 1782 proceeding – namely, a motion to quash a subpoena

8    authorized thereunder – the respondent may not seek relief via a "motion to vacate." *See*

9    *Snowflake Inc. v. Yeti Data, Inc.*, 2021 U.S. Dist. LEXIS 51217, at *11 (N.D. Cal. Mar. 18,

10   2021). Here, as the Court properly noted, it was fully authorized to grant Petitioner's

11   application for discovery pursuant to section 1782 on an *ex parte* basis, as "the parties will

12   be given adequate notice of any discovery taken pursuant to the request and will then have

13   the opportunity to move to quash the discovery or to participate in it." Order at 2, 4-5 ("Of

14   course, Mr. Allen can always contest the subpoenas later on based on overbreadth.").

15         Accordingly, to the extent Respondent seeks to have the Order vacated in its entirety,

16   that branch of the motion is procedurally improper and should be denied.

17   **B.    Respondent Does Not Identify a Recognized Basis for Overturning the**
18   **Order**

19         Even if Mr. Allen were permitted to belatedly challenge the underlying Petition itself

20   – as distinct from challenging the Subpoena (which, for the reasons discussed *infra* Part III,

21   also fails) – his motion to vacate still fails on multiple grounds.

22   **i.    Petitioner Has a Good Faith Basis and Overwhelming Proof for Seeking**
23   **Discovery from Respondent**

24         Mr. Allen argues, without merit, that Petitioner lacks a "good faith predicate" for

25   seeking discovery from Mr. Allen due to the lack of "any logical linking of Mr. Allen to the

26   [Defamatory] Articles." (Motion at 13). However, such speculative and conclusory

27   allegations of "bad faith" simply based on Respondent's resistance to producing the

28

- 5 -

requested discovery are improper and insufficient grounds to quash a subpoena. *See In re Republic of Ecuador*, 2011 U.S. Dist. LEXIS 23666, at *28 (N.D. Cal. Feb. 22, 2011).[1]

Regardless of the deficiencies in Respondent's Motion, as set forth in the annexed Siev Declaration, as well as the underlying Petition, Petitioner has overwhelming evidence and good faith grounds for his belief that Mr. Allen is in possession of relevant documents and information that will aid in Petitioner's prosecution of the Indian Action. First, as set forth in the Petition, Mr. Snyder has reason to believe that Mr. Allen is in possession of responsive and relevant documents based on the following: (1) Mr. Allen's prior employment as the President and General Manager of the Team, from which he was terminated in 2019; (2) his close connections – and extensive communications – with Mr. John Moag, Jr., an individual who demonstrated advance knowledge of forthcoming negative information concerning Petitioner, and who is the principal of the agency that represented the now former minority owners of the Team in attempting to sell their shares; and (3) the conspicuous absence of virtually any mention of Mr. Allen's name in connection with various articles and publicity that otherwise paint the Team and Mr. Snyder in a negative light.  [Dkt. 01 (Petition) at 2-3, 7-9].  Mr. Allen does not dispute these facts, but instead attempts to downplay them through carefully worded (and untested on cross-

---

[1] Respondent's cites to the contrary are inapposite. The Eleventh Circuit in *United Kingdom v. United States*, 238 F.3d 1312, 1320 (11th Cir. 2001) (cited by Motion at 10) declined to grant discovery into "secret grand jury materials" and confidential work product materials which require a heightened standard for disclosure – which does not apply here. Similarly, the subject discovery requests in *In re O2CNI Co.*, No. C 13-80125 CRB (LB), 2013 U.S. Dist. LEXIS 155138, at *36 (N.D. Cal. Oct. 29, 2013) (cited by Motion at 13-14) involved "broad-ranging inquiries by a former vendor into its competitor" in a trade secret case – a fundamentally different context than Petitioner's defamation claim and request for discovery from an individual with a demonstrated history of disrespecting Petitioner and the Team, and leaking negative stories to the press. Finally, the D.C. District Court in *Lazaridis v. Int'l Ctr. for Missing & Exploited Children, Inc.*, 760 F. Supp. 2d 109, 115 (D.D.C. 2011) (cited by Motion at 14) declined to grant discovery to a private individual purportedly seeking discovery to aid Greek prosecutors (who likely were unaware of the petitioner's existence) in a criminal case pending in Greece – unlike here where Petitioner seeks discovery on his own behalf to prosecute his own defamation claim in India, thus squarely fitting within the purview of Section 1782.

SNELL & WILMER
——— L.L.P. ———
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

1    examination) denials of personal connections with the authors of the Defamatory Articles

2    (Motion at 13; Allen Decl.).

3        Although the undisputed facts set forth in the Petition are sufficient grounds on their

4    own to require Mr. Allen to comply with the Subpoenas, as set forth in the accompanying

5    Siev Decl., they are merely the tip of the iceberg in terms of Petitioner's good faith basis

6    for his belief that Mr. Allen possesses critical evidence that is relevant to the Indian Action.

7    As paragraphs 2 through 24 of the Siev Decl. make clear, Allen has misrepresented in his

8    Declaration the extent of his contacts with the media while at the Team, and the fact that he

9    frequently fed information to reporters behind the scenes to advance his own agenda.

10       All of the foregoing strongly supports Petitioner's good faith belief that Mr. Allen

11   was involved, in some capacity, in the negative misinformation campaign that led to the

12   publication of the Defamatory Articles.  Mr. Allen's conclusory and untested denials of his

13   involvement are not an adequate substitute for permitting Petitioner discovery into these

14   subjects in support of his defamation claims in the Indian Action.  (Motion at 14; Allen

15   Decl. ¶¶ 14-15).[2]

16       **ii. Petitioner is Unable to Obtain the Requested Discovery Through Other**
17           **Sources**

18       Respondent's argument that Petitioner can obtain – or, according to Mr. Allen,

19   already has obtained – any required discovery from other sources, including the Indian

20   ───────────────

21   [2] Respondent's argument on the same grounds that the requested discovery purportedly is
     not "for use" in the Indian Action, based merely on his own conspiracy theories of an

22   alternate purpose for Petitioner seeking discovery and Respondent's own self-serving
     challenges to the factual links between him and the Defamatory Articles, fails for the same

23   reasons. (Motion at 14-15).  Furthermore, Mr. Allen attempts to impose a stricter standard
     for what discovery may be obtained through Section 1782 proceedings and misstates the

24   meaning of "for use" in those foreign proceedings.  "[T]he term 'for use' in Section 1782
     has only its ordinary meaning — that the requested discovery is 'something that will be

25   employed with some advantage or serve some use in the proceeding.'" *Bouvier v. Adelson*

26   *(In re Accent Delight Int'l Ltd.)*, 869 F.3d 121, 132 (2d Cir. 2017).  It need not be
     demonstrated that the requested discovery will be admissible in the foreign proceeding. *Id*;

27   *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004). Petitioner's

28   requested discovery falls squarely within this definition.

1   defendants and other targets of Section 1782 applications, is false and otherwise unavailing.

2   (Motion at 11-13).

3   Mr. Allen attempts to usurp this Court's and the Indian Court's roles by declaring,

4   without legal or factual support, that Petitioner is limited to seeking discovery directly from

5   the Indian Defendants as to their intent in publishing the Defamatory Articles (Motion at

6   12). However, this nonsensical argument negates the entire purpose of 28 U.S.C. § 1782.

7   Likewise, Mr. Allen's argument purposefully ignores that the discovery sought through the

8   Subpoenas is aimed toward, among other categories already set forth in the Petition,

9   discovering "the identities of any other third parties involved in directing, coordinating with

10  or supporting any negative information campaign about Petitioner." Petition at 9. The

11  Defamatory Articles are the product of an ongoing negative misinformation campaign

12  against Petitioner, and Petitioner is entitled to explore the chain of events that led to the

13  publication of the Defamatory Articles – not just through the Indian Action, but also through

14  Section 1782 proceedings such as this one aimed toward individuals such as Mr. Allen who

15  have demonstrated a pattern and practice of spreading negative media narratives against his

16  enemies in the football world. *See* Siev Decl. at ¶¶ 11-24.

17  Additionally, Mr. Allen's argument that Petitioner already has obtained the full

18  extent of discovery he needs based on his success in obtaining additional relevant evidence

19  in separate Section 1782 proceedings is meritless. (Motion at 11-12). Mr. Allen is the sole

20  known custodian of his own correspondence and communications with third parties

21  concerning the subject matter at issue herein during calendar year 2020, when he no longer

22  worked for the Team. He does not – and cannot – argue that the documents obtained from

23  the related proceedings included all of his own communications. As to Petitioner's

24  discovery requests to Mr. Allen from a separate ***confidential*** arbitration proceeding (Motion

25  at 14; Allen Decl. [Dkt. 8-1], Ex. 3), which Respondent improperly annexes to his

26  Declaration, Mr. Allen concedes that he similarly refused to respond to those demands and

27  failed to produce any responsive documents. Allen Decl. ¶ 23. Regardless, Petitioner's

28

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

1    grounds for seeking similar documents in this context are independent and, as set forth in

2    the foregoing, fully justified.

3         To the extent Petitioner previously obtained some communications to which Mr.

4    Allen was a party from other custodians, including Mr. John Moag in the District of

5    Maryland Section 1782 proceeding concerning Mr. Moag's company, Moag & Co. LLC,

6    those documents were incomplete.  In fact, they were incomplete due to spoliation by Mr.

7    Moag's intentional destruction of whole text conversations, as well as his selective

8    exclusion of certain messages with Mr. Allen, among others – all at a time when Moag &

9    Co. was represented by the same firm as Mr. Allen is here.[3]  Mr. Allen's reliance on the

10   same incomplete, cropped image of his texts with Mr. Moag that came directly from Mr.

11   Moag's inadequate production in the Moag & Co. 1782 proceeding (*see* Allen Decl., Ex. 4)

12   is misplaced, as that conversation on its face confirms that further responsive information

13   exists but has not been produced as the image produced cuts out an article about either

14   Petitioner or the Team as evidenced by the photo of a Team hat at the bottom of the image.

15   Thus, Mr. Allen's conclusory claim that Petitioner already is in possession of such

16   documents fails.

17        Likewise, to the extent that Petitioner has sought (and received) discovery from other

18   sources concerning the Defamatory Articles, that does not preclude Petitioner from seeking

19   discovery into additional sources for the articles (*see Siemens AG v. W. Digital Corp.*, 2013

20   WL 5947973, at *5 (C.D. Cal. Nov. 4, 2013)) – particularly one such as Mr. Allen who has

21   demonstrated extensive connections with the media and a pattern and practice of using those

22   connections to disparage others.  Siev Decl. ¶¶ 2 to 24.[4]

23

24   [3] Mr. Moag's spoliation is the subject of a currently pending motion for sanctions in the
     District of Maryland.  *See In re Application of Daniel Snyder for an Order Directing*

25   *Discovery from Moag & Co. LLC Pursuant to 28 U.S.C. § 1782* (Civil Action No. 1:20-
     cv-02705-ELH).

26   [4] Mr. Allen incorrectly relies on the U.S. District Court of Colorado's ruling in connection

27   with a discovery dispute that arose between Petitioner and a different respondent in a
     separate Section 1782 proceeding (*In re Application of Daniel Snyder for an Order*

28   *Directing Discovery from Jessica McCloughan and Friday Night Lights LLC Pursuant to*

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

1   Accordingly, Respondent's motion to vacate the Court's order granting Petitioner's

2   application is procedurally and substantively defective, and should be denied in its entirety.

3   **III.   THE COURT SHOULD DENY RESPONDENT'S MOTION TO QUASH THE

4   SUBPOENAS**

5   Respondent similarly fails to satisfy his burden in seeking to quash the Subpoenas

6   that were duly issued pursuant to the Court's Order.

7   **A.  Mr. Allen Brought the Motion Without First Complying  With Local Rule
   7.2(J)**

8

9   As a threshold issue, the Motion was brought in violation of Local Rule 7.2(J) and

10  therefore should be denied in its entirety.  Following this Court's grant of Petitioner's

11  Section 1782 application, any subsequent proceedings are governed by Rule 45, and any

12  attempt by Respondent to challenge or quash that requested discovery constitutes a

13  discovery motion within the meaning of Local rule 7.2(J).  *See R. Prasad Indus. v. Flat

14  Irons Envtl. Sols. Corp.*, 2014 U.S. Dist. LEXIS 84193, at *5 (D. Ariz. June 19, 2014);

15  *Suenos, Ltd. Liab. Co. v. Goldman*, 2011 U.S. Dist. LEXIS 159606, at *8, n.4 (D. Ariz. July

16  29, 2011).  Rule 7.2(j) of the Local Rules of Civil Procedure for this Court states:

17  ***No discovery motion will be considered or decided*** unless a
    statement of moving counsel is attached thereto certifying that
18  after personal consultation and sincere efforts to do so, counsel
    have been unable to satisfactorily resolve the matter. Any
19  motion brought before the Court without prior personal
20  consultation with the other party and a sincere effort to resolve
    the matter, may result in sanctions. (emphasis added)
21
22  Accordingly, pursuant to Local Rule 7.2(j), Mr. Allen was required to meet and

23  confer with the Petitioner **prior** to filing this motion.

24  *28 U.S.C.§ 1782* (D. Col., Case No. 1:20-mc-00199-NRN)). (Motion at 13).  The District
25  of Colorado's determination to narrow the scope of Petitioner's subpoena in that matter was
    based on an individualized analysis of the facts before it, which cannot be imputed to this
26  proceeding.  Notably, the District of Colorado ultimately required the respondent's attorney
    in that action to perform additional searches to confirm that all responsive discovery had
27  been obtained and did not, as Respondent implies, deny Petitioner the fulsome discovery
28  sought therein.

- 10 -

1    As is evident by the lack of requisite certification in his Motion, the parties **did not**

2  meet and confer prior to Respondent filing the Motion.  Indeed, Mr. Allen's decision to file

3  the Motion despite the parties tentatively having scheduled a meet and confer call for the

4  ***following*** week – which, not surprisingly in light of Mr. Allen's improper discovery motion

5  and bad faith allegations, did not result in any meaningful progress[5] – further evidences his

6  bad faith motivation in bringing this Motion.  Respondent's attempt to reframe a series of

7  letters exchanged between the parties – in which Respondent made numerous false

8  accusations about Petitioner and in no way attempted to "confer" on the discovery dispute

9  – do not satisfy Local Rule 7.2(j).  Motion at 1; Siev Decl., ¶ 2 n.1.  Thus, as Respondent

10  failed to comply with Local Rule 7.2(j), the motion is procedurally defective and should be

11  summarily denied in its entirety.  *See Withers v. Beecken Petty O'Keefe & Co.*, 2018 U.S.

12  Dist. LEXIS 185573, at *4-5 (D. Ariz. 2018).

13    **B.  Mr. Allen Fails to Satisfy the Requisite Elements to Quash the Subpoenas**

14    Even if the Court were to overlook the fatal procedural defect in Mr. Allen's motion,

15  Respondent still is not entitled to have the Subpoenas quashed, either in whole or in part.

16  Subpoenas are subject to Fed. R. Civ. P. Rule 26, which permits discovery into documents

17  and information that are "relevant to any party's claim or defense."  *See* Fed. R. Civ. P.

18  26(b)(1); *Rodrigues v. Ryan*, 2018 WL 1109557, at *2 (D. Ariz. Mar. 1, 2018).  Critically,

19  "[i]nformation within this scope of discovery need not be admissible in evidence to be

20  discoverable."  Fed. R. Civ. P. 26(b)(1); *In re Bard IVC Filters Prods. Liab. Litig.*, 317

21  F.R.D. 562, 564 (D. Ariz. 2016).[6]

22

23  [5] Similarly, subsequent email exchanges between respective counsel for Petitioner and
Respondent regarding a proposed ESI protocol have not resulted in an agreement.

24  [6] Similarly, in ruling on an application pursuant to Section 1782, the Court should not factor
25  the ultimate admissibility of the requested discovery into the relevant analysis, as such
determinations are reserved to the foreign court for proper adjudication.  *See Brandi-Dohrn*
26  *v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012) ("[A] district court
should not consider the discoverability of the evidence in the foreign proceeding, [and] it
27  should not consider the admissibility of evidence in the foreign proceeding in ruling on a
28  section 1782 application.").

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

A party seeking to quash a subpoena bears the burden of persuasion and must support his arguments with more than mere speculation and conclusory complaints of burden. *Chartis Specialty Ins. Co. v. Scott Homes Multifamily Inc.*, 2014 U.S. Dist. LEXIS 199177 at *10 (D. Ariz. Oct. 14, 2014); *Brown v. Sperber-Porter*, 2017 U.S. Dist. LEXIS 226244 at *9 (D. Ariz. Dec. 7, 2017).  Rule 45(d)(3)(A) states the bases upon which a court shall quash or modify a subpoena:

> [T]he court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person who is not a party. . . to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business . . . , or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

*Id.*; *Chartis*, 2014 U.S. Dist. LEXIS 199177 at *9-10.  Respondent's Motion fails to establish any of these criteria – and indeed only attempts to argue as to the "privileged" nature of the document sought and the "undue burden" it poses, and even then in conclusory fashion – and must be denied.

### C. Respondent Does Not, Because He Cannot, Establish That the Requests Are Unduly Burdensome or Harassing

Even under a generous reading of Respondent's Motion, the only discernable objections within the aforementioned factors for quashing a subpoena that Respondent raises is that complying with the Subpoenas purportedly would be unduly burdensome and that the requests constitute a "fishing expedition."  However, Mr. Allen fails to provide any support for these claims and instead relies on boilerplate language and conclusory objections that are wholly insufficient to carry his burden of persuasion. *See Chartis,* 2014 U.S. Dist. LEXIS 199177 at *10.  The law is clear that mere assertions of undue burden or an unwillingness to disclose what a party unilaterally deems "personal" information are insufficient to support a motion to quash. *Brown*, 2017 U.S. Dist. LEXIS 226244 at *9. Mr. Allen is not afforded any special protections merely because he is a non-party to the

1    Indian Action, and instead must satisfy his burden of proving that conducting the requested

2    discovery constitutes an undue burden. *See Chartis*, 2014 U.S. Dist. LEXIS 199177, at *10.

3         Critically, the type of "burden" that Respondent refers to is solely as to the disclosure

4    of what he claims to be "private" correspondence – a category that does not factor into the

5    burden analysis.  Rather, the "undue burden" language in Rule 45, and Rule 26, "is limited

6    to harm inflicted in complying with the subpoena," and not to "related follow-on issues

7    such as whether the subpoenaed information is potentially protected by privilege." *Mount*

8    *Hope Church v. Bash Back!*, 705 F.3d 418, 427-28 (9th Cir. 2012); *Brown*, 2017 U.S. Dist.

9    LEXIS 226244 at *8-9.  Even as to the purported privacy concerns that Mr. Allen raises,

10   such objections routinely are rejected as insufficient to block discovery.  *See Adelman v.*

11   *BSA*, 276 F.R.D. 681, 693 (S.D. Fla. 2011).

12        Moreover, where, as here, the party seeking to quash a subpoena fails to provide any

13   details whatsoever as to the volume of potentially responsive documents and/or how

14   logistically difficult it would be for Allen to comply with the requests, a motion to quash

15   must be denied.  *See Chartis*, 2014 U.S. Dist. LEXIS 199177 at *11 (denying motion to

16   quash where moving party "failed to provide sufficient facts to support its claim of undue

17   burden."); *Cancino Castellar v. McAleenan*, 2020 WL 1332485, at *6 (S.D. Cal. Mar. 23,

18   2020).

19        Regardless, Respondent has no legitimate basis to claim that compliance with the

20   Subpoenas would pose any burden at all, as Petitioner has offered to retain an independent

21   third-party forensic vendor – with all costs to be borne by Petitioner – to gather the requested

22   documents from Mr. Allen's devices, run the relevant searches, and make those data sets

23   available to Mr. Allen's counsel for a privilege review.  Siev Decl. ¶ 2 n.1.  Thus, any

24   perceived burden on Respondent is non-existent and cannot be grounds for quashing the

25   Subpoenas.

26        As Respondent has failed to establish an undue burden, and fails entirely to satisfy

27   any other criteria for quashing the Subpoenas, Respondent's Motion should be denied in its

28   entirety.

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

## IV.   THE COURT SHOULD DENY RESPONDENT'S REQUEST FOR A PROTECTIVE ORDER

Respondent's request for a protective order similarly should be denied.  "[A] party seeking a protective order has a 'heavy burden' to show why discovery should be denied and a strong showing is required before a party will be denied the right" to take the requested discovery. *Perez-Farias v. Glob. Horizons, Inc.*, 2006 U.S. Dist. LEXIS 93566 at *3 (E.D. Wash. Dec. 28, 2006) (*citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).  Under Rule 26(c), a party seeking to avoid its discovery obligations bears a heavy burden to establish "good cause" for the court to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *Davenport v. SP Jedi, Inc.*, 2019 U.S. Dist. LEXIS 229314 at *6 (D. Ariz. Apr. 19, 2019) (citing *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011)).  "For good cause to exist, the party seeking protection bears the burden of showing **specific prejudice or harm** will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test,'" nor do generalized claims of confidentiality and/or privacy. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted); *see also Marshall v. Galvanoni*, 2019 WL 2491524, at *8 (E.D. Cal. June 14, 2019).[7]

Here, Respondent fails to meet his heavy burden of establishing entitlement to a protective order.   Respondent's boilerplate claims of "annoyance, embarrassment, oppression, undue burden or expense" and that "[t]he overbreadth of Mr. Snyder's discovery requests and invasion of privacy – and chilling impact on free speech" supposedly

---

[7] *See also Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 692 (S.D. Fla. 2011) ("Although parties and non-litigants ... may prefer anonymity, the understandable desire for privacy must give way to a litigating party's rights to discovery."); *Sonnino, M.D. v. Univ. of Kansas Hosp. Auth.*, 220 F.R.D. 633, 642 (D. Kan. 2004) ("It is well settled that a concern for protecting confidentiality does not equate to privilege, and that information and documents are not shielded from discovery on the sole basis that [ ] they are confidential").

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

1    require entry of a protective order, have no merit.  (Motion at 16-18).  For the reasons

2    discussed *supra* pp. 5-7, Petitioner's requested discovery is relevant to his defamation

3    claims in the Indian Action and properly sought from Respondent through the Subpoenas.

4    Mr. Allen's unsupported claim that "requests #1 and #2 call for voluminous documents" is

5    insufficient to establish burden, and his "privacy" concerns are further unsubstantiated and

6    insufficient (Motion at 16-18).  *See Beckman Indus*, 966 F.2d at 476.

7         Likewise, Mr. Allen's claim that Petitioner's requests for discovery constitute "a

8    pervasive intrusion into Mr. Allen's personal life" is false.  As is clear from the Subpoenas,

9    the discovery sought pertains Mr. Allen's communications regarding his former employer

10   – the Team, owned by Mr. Snyder and his family – and his potential participation in a

11   scheme to spread false claims about his former employer and boss.  Mr. Allen cannot

12   legitimately expect any privacy in his personal communications if he has used them in

13   furtherance of such improper conduct.

14        Finally, to the extent that Mr. Allen bases his motion for a protective order on the

15   claim that "Mr. Snyder's requests implicate privileged attorney-client communications,

16   including about Mr. Allen's compensation dispute with Mr. Snyder and the instant Petition

17   and Subpoenas" (Motion at 17), this strawman argument is insufficient to bar discovery in

18   its entirety.  If specific responsive documents within Mr. Allen's possession contain

19   genuinely privileged or personally identifying information within the meaning of this

20   Court's rules and the Federal Rules of Civil Procedure, Mr. Allen is free to make

21   particularized assertions of privilege and/or redact such sensitive information, and generate

22   an appropriate log.  He is not, however, entitled to use these narrow grounds to seek a broad

23   protective order that deprives Petitioner of his right to discovery.

24        Thus, Respondent has failed to carry his burden of proving entitlement to a protective

25   order.

26   **V.    RESPONDENT IS NOT ENTITLED TO ATTORNEYS' FEES OR COSTS**

27        Finally, Respondent's demand for attorneys' fees associated with moving to quash

28   the properly issued subpoenas is wholly meritless and should be denied.  For the reasons

1  set forth above, Petitioner had overwhelming grounds for seeking the requested discovery

2  from Respondent, and commenced this proceeding in good faith for the stated purpose of

3  obtaining discovery for use in the Indian Action.  Respondent's conclusory allegations that

4  the application "unreasonably or vexatiously multipl[ied] the proceedings" is completely

5  unsupported by the record here and demonstrably false, particularly where Respondent

6  failed to meet and confer in advance of any filing.  (Motion at 15).  Accordingly,

7  Respondent is not entitled to any attorneys' fees or costs whatsoever.

8                                **CONCLUSION**

9        Respondent's motion should be denied in its entirety, and the Court should grant

10  such other and further relief as it deems just, fair and equitable.

11

12        DATED: 19TH  day of June, 2021.              SNELL & WILMER L.L.P.

13                                              By: /s/ *Jordan W. Siev*
                                                    Gregory J. Marshall
14                                                  Patrick A. Tighe
                                                    One Arizona Center
15                                                  400 E. Van Buren, Suite 1900
                                                    Phoenix, Arizona  85004-2202
16                                                  gmarshall@swlaw.com
                                                    ptighe@swlaw.com
17
                                                    Jordan W. Siev  (*Pro Hac Vice*)
18                                                  Reed Smith LLP
                                                    599 Lexington Avenue, 22nd Floor
19                                                  New York, NY 10022
                                                    jsiev@reedsmith.com
20
                                                    *Attorneys for Petitioner Daniel*
21                                                  *Snyder*

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2      I hereby certify that I electronically transmitted the attached document on June 19,

3 2021 to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a

4 Notice of Electronic Filing to all CM/ECF Registrants.

5

6 By: *s/ Jose Castillo*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202