# EXHIBIT 2

| | |
|---|---|
| **From:** | Schoenberg, Pamela L. <PSchoenberg@ReedSmith.com> |
| **Sent:** | Monday, June 14, 2021 9:28 AM |
| **To:** | Quincy, Stephanie J. (Shld-PHX-Labor-EmpLaw) |
| **Cc:** | gmarshall@swlaw.com; ptighe@swlaw.com; Siev, Jordan W.; Lockwood, Aaron J. (OfCnl-SFO-LT) |
| **Subject:** | RE: In re: Application by Daniel Snyder for an Order Directing Discovery from Bruce Allen (D. Az. Case No. MC-21-00022-PHX-SPL) |

Stephanie,

While we appreciate your willingness to cooperate in reaching a mutually agreeable set of search terms, your objections to the proposed list of search terms are not well-founded.  Our detailed responses to your objections are set forth below, but as a preliminary matter, your objections to our proposed list of search terms on the grounds that you do not understand how they "would reveal evidence 'for use' in the Indian Action" are improper.  As the Court already has granted Mr. Snyder's application for discovery pursuant to Section 1782, the applicable test for the scope of discovery is Fed. R. Civ. P. Rule 26.  *See Husayn v. Mitchell*, 938 F.3d 1123, 1137 (9th Cir. 2019) ("once the district court grants a section 1782 application, 'the ordinary tools of discovery management . . . come into play'").  Accordingly, the threshold for discoverability is whether the documents and information sought are "relevant to any party's claim or defense" – not whether they are admissible in and of themselves.  *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016).  Mr. Snyder is entitled to obtain documents from Mr. Allen that are relevant to his claims in the Indian Action, and need not make individualized showings of their admissibility in order to compel their production.

Indeed, while the Court has of course recognized Mr. Allen's rights to seek to limit the subpoena, the Court already has found that "the proposed subpoenas are tailored to documents and communications concerning Petitioner, the Washington Football Team, the defendants in the Indian Action, and/or the defamatory articles themselves."  [Dkt. 4 at pg. 4].  As a result, the Court found, the information sought "has, as a general matter, some relevance to the Indian Action" and, thus, "it is arguably less likely that the issuance of the subpoenas will result in undue intrusion or burden to Mr. Allen."  *Id.*

Additionally, your objections of overbreadth, burden and volume are unsupported and purely speculative.  To our knowledge, neither you nor Mr. Allen have run test searches of these terms to determine even a rough estimate of the number of resulting hits in order to justify your objections.  Thus, general claims that the proposed search terms are "very broad" are meaningless unless there is evidence that they would return a large number of results (and even then, that alone does not require eliminating them entirely).

In order to facilitate this process and allow for the parties to make more informed decisions, we propose moving forward with engaging FTI – at Mr. Snyder's expense, as we have previously stated – to commence the initial imaging process on Mr. Allen's devices.  While that process is underway, we can continue to negotiate search terms.  This also will avoid further delays in isolating the responsive documents once the list of terms is finalized.  As a first step, please let us know the number of personal devices Mr. Allen has (cell phone, tablet/iPad, laptop), as well as the make and model of each, which we can provide jointly to FTI to generate a proposed engagement agreement and provide estimates to complete the work.

**<u>Mr. Snyder's Responses re: Search Terms</u>**:
Below are our responses to your comments on the proposed search terms, with your original comments appearing in bold.

- Dan OR Snyder OR DS  **(Very broad to use such common names)**

1

- o Request No. 1 seeks documents and communications concerning Mr. Snyder, and therefore Mr. Snyder's name – and common variations thereof – are necessary in order to capture those results.  Of course, Mr. Snyder was the subject of the Defamatory Articles, and thus discussion about him is among the most fundamental of all searches to be run.

- Eleven **(also very broad)**
    - o This search term relates directly to Request No. 3, which seeks documents and communications concerning Eleven Internet Services, the company responsible for publishing the Defamatory Articles and a party to the Indian Action.  Your proposal to limit this term to the phrase "Eleven Internet Services" places too narrow a restriction in order to capture references to the company.

- Dwight OR Schar OR "Dwight Schar" **(From counsel for Mr. Snyder's statements, he seems to believe that Mr. Schar may be behind the India articles.  If you think Mr. Schar had something to do with India, why are you not seeking this from him? Please correct me if I'm mistaken but there seems to be no litigation or 1782 discovery against Mr. Schar.)**
    - o This search term relates to Requests No. 4 and 5, seeking documents and communications concerning any actual or anticipated negative publicity concerning Mr. Snyder, inclusive of documents and communications between Mr. Allen and any third parties, such as Mr. Schar.  Your objection based on the fact that Mr. Snyder has not commenced a separate action seeking discovery from Mr. Schar is not a valid ground for refusing to run this search term.  The fact that Mr. Schar may also be in possession of relevant documents does not preclude Mr. Snyder from seeking similar discovery from Mr. Allen.  *See Comput. Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004).

- "Mary Ellen Blair" OR "Mary Ellen" OR Blair **(you had a proceeding against Ms. Blair – is there any proceeding against her now, and was she involved in the India Articles?)**
    - o This search term relates directly to Requests No. 4 and 5, seeking documents and communications concerning any actual or anticipated negative publicity concerning Mr. Snyder, inclusive of documents and communications between Mr. Allen and any third parties, which explicitly includes Ms. Blair, who was involved in generating at least some negative publicity concerning Mr. Snyder.  Of course, the Defamatory Articles generated an enormous amount of further negative publicity concerning Mr. Snyder.  As with your objection to Mr. Schar's name as a search term, your objection to the use of Ms. Blair's name – and derivations thereof – on the grounds that another proceeding concerning Ms. Blair was previously pending is not sufficient grounds to refuse to run the term.  Mr. Snyder is entitled to seek discovery concerning Ms. Blair from other individuals, including Mr. Allen to the extent he is in possession of such documents.

- "Bobby Potter" OR Bobby OR Potter  **(Has Mr. Snyder ever pursued discovery from Mr. Potter or initiated any proceeding against him, or have any basis to believe he is somehow connected to any issue relevant to the India litigation?)**
    - o Similar to the previous two terms, this search term relates directly to Requests No. 4 and 5, seeking documents and communications concerning any actual or anticipated negative publicity concerning Mr. Snyder, inclusive of documents and communications between Mr. Allen and any third parties, which explicitly includes Mr. Potter.  As stated previously, whether or not Mr. Snyder has commenced a separate proceeding seeking discovery directly from Mr. Potter is irrelevant to Mr. Allen's obligation to produce documents within his possession that contain references to Mr. Potter.

- (Jeff OR Jeffrey) /2 Pash OR Pash **(If you think Mr. Pash had something to do with India, why haven't you sought, or aren't you seeking information from Mr. Pash?)**
- Melanie /2 Coburn **(Has Mr. Snyder pursued Ms. Coburn in discovery, or litigation if she is suspected of having anything to do with India, and if not, why are you not seeking this from her?)**

o   Once again, your refusal to agree to the foregoing search terms and phrases on the basis that Mr. Snyder has not commenced a direct action against and/or sought discovery from Mr. Pash or Ms. Coburn through a separate Section 1782 proceeding is not a valid objection.

- (Washington /2 Post) OR WP OR Wapo **(Not sure how this could conceivably relate to the India Action – please explain.)**
    o   These search terms relate to Requests No. 4 and 5, seeking documents and communications concerning actual or anticipated negative publicity concerning Mr. Snyder.  Articles published in the Washington Post – including one of the very same day as the Defamatory Articles – also generated substantial negative publicity concerning Mr. Snyder.  They are thus relevant to the claims in the Indian Action.  There is substantial written evidence from Mr. Allen's tenure as President of the Team that he spoke with members of the media on many, many occasions, and fed information to the media for stories.  Thus, discovery from him on communications with or about the Washington Post – limited as it is to calendar year 2020 – is relevant.

- John or Moag or "John Moag" **(you have all of Moag's information.  The only documents you produced to us were exculpatory, i.e., confirmed that neither he nor Bruce Allen knew anything about the India allegations before they were filed. Please explain if you think John Moag has anything to do with the India Action.)**
- @moagandcompany.com **(same as above)**
    o   This search term is directly relevant to Requests No. 4 and 5, the latter of which explicitly seeks documents and communications between Mr. Allen and Mr. Moag concerning, among other topics, Mr. Snyder, the Defamatory Articles, and any actual or anticipated negative publicity concerning the same.  Discovery obtained from Mr. Moag and other information has shown that Mr. Moag exhibited advance knowledge of negative publicity concerning Mr. Snyder and the Team, and that Mr. Moag communicated with Mr. Allen concerning the Defamatory Articles.  The fact that Mr. Snyder obtained certain partial documents from Mr. Moag and his company directly through another proceeding is insufficient grounds for objecting to run this search term.  As you should know, given that your firm represented Moag & Co. LLC in that proceeding, Moag & Co.'s production of document was incomplete due to spoliation of evidence by Mr. Moag during the time of representation by your firm.  Accordingly, contrary to your claim, Mr. Snyder does not "have all of Moag's information" – and even if he did, Mr. Snyder still would be entitled to test the completeness of that production by seeking discovery from Mr. Allen on his correspondence with Mr. Moag.

- Redskins OR WFT OR (Washington /2 (Football OR Team)) **(again, this is so overbroad perhaps you can help us understand how it relates to the India Action)**
    o   This search term relates directly to Request No. 2, which seeks documents and communications concerning the Team.  Of course, the Team was also mentioned in the Defamatory Articles and thus discussion about the Team is also among the most fundamental of all searches to be run.

Your proposed search terms:
- MEAWW
    o   We agree this term should be included in the list.

- "Eleven Internet Services"
    o   As noted above, this phrase is insufficient to capture references to the company at issue, which may be referenced by simply "Eleven" or a variation thereof.

- "Anay Chowdhary" OR Anay w/3 Chowdhary
- "Nirnay Chowdhary" OR Nirnay w/3 Chowdhary
- "Prarthna Sarkar" OR Prarthna w/3 Sarkar
- "Jyotsna Basotia" OR Jyotsna w/3 Basotia

- o   For each of the foregoing, it is unclear why Mr. Allen is refusing to search the individual first names and surnames of the authors tied to the Defamatory Articles, and instead requiring that they appear within three words of each other.

- •   "New Content Media"
  - o   We agree that this should be a search term.  However, the shortened version "New Content" likewise should be included to capture all references.

- •   (Jeff OR Jeffrey) w/3 Epstein
  - o   It is unclear why Mr. Allen insists on searching this as a phrase, as opposed to the more inclusive term "Epstein."

Finally, we note that you do not address the proposed search term "India" in your email.  As Mr. Allen has not raised any objections to that term – and cannot have any valid ones, given the clear relevance of the term to the Defamatory Articles and the Indian Action – we will plan to include that in the list.

As we have stated previously, although we are hopeful that we can resolve this dispute amicably, Mr. Snyder is prepared to take all steps necessary to protect his rights to seek discovery from Mr. Allen.  Accordingly, Mr. Snyder reserves all rights at this time and notes that the foregoing is not intended as a full and complete statement of Mr. Snyder's position as to the issues raised herein.  We remain available to meet and confer further on these issues.

Thanks,
Pam

**Pamela L. Schoenberg**
212.549.0278
pschoenberg@reedsmith.com

**ReedSmith LLP**
599 Lexington Avenue
New York, NY 10022
Phone 212.521.5400
Fax 212.521.5450

---

**From:** quincys@gtlaw.com <quincys@gtlaw.com>
**Sent:** Monday, May 24, 2021 11:53 PM
**To:** Schoenberg, Pamela L. <PSchoenberg@ReedSmith.com>
**Cc:** gmarshall@swlaw.com; ptighe@swlaw.com; Siev, Jordan W. <JSiev@ReedSmith.com>; lockwooda@gtlaw.com
**Subject:** RE: In re: Application by Daniel Snyder for an Order Directing Discovery from Bruce Allen (D. Az. Case No. MC-21-00022-PHX-SPL)

==EXTERNAL E-MAIL - From quincys@gtlaw.com==

Pamela,

We would very much like to find a reasonable ground, but given what you are seeking, and the sheer breadth of some of the terms, a reasonable ground does not seem to be a middle ground.  The action you filed is to obtain evidence "for use" in the India Action.  We would like clarification on how the following terms would reveal evidence "for use" in the Indian Action:

**Search Terms:**
- Dan OR Snyder OR DS   **(Very broad to use such common names)**
- Eleven  **(also very broad)**

- Dwight OR Schar OR "Dwight Schar" **(From counsel for Mr. Snyder's statements, he seems to believe that Mr. Schar may be behind the India articles.  If you think Mr. Schar had something to do with India, why are you not seeking this from him? Please correct me if I'm mistaken but there seems to be no litigation or 1782 discovery against Mr. Schar.)**
- "Mary Ellen Blair" OR "Mary Ellen" OR Blair **(you had a proceeding against Ms. Blair – is there any proceeding against her now, and was she involved in the India Articles?)**
- "Bobby Potter" OR Bobby OR Potter  **(Has Mr. Snyder ever pursued discovery from Mr. Potter or initiated any proceeding against him, or have any basis to believe he is somehow connected to any issue relevant to the India litigation?)**
- (Jeff OR Jeffrey) /2 Pash OR Pash **(If you think Mr. Pash had something to do with India, why haven't you sought, or aren't you seeking information from Mr. Pash?)**
- Melanie /2 Coburn **(Has Mr. Snyder pursued Ms. Coburn in discovery, or litigation if she is suspected of having anything to do with India, and if not, why are you not seeking this from her?)**
- (Washington /2 Post) OR WP OR Wapo **(Not sure how this could conceivably relate to the India Action – please explain.)**
- John or Moag or "John Moag" **(you have all of Moag's information.  The only documents you produced to us were exculpatory, i.e., confirmed that neither he nor Bruce Allen knew anything about the India allegations before they were filed. Please explain if you think John Moag has anything to do with the India Action.)**
- @moagandcompany.com **(same as above)**
- Redskins OR WFT OR (Washington /2 (Football OR Team)) **(again, this is so overbroad perhaps you can help us understand how it relates to the India Action)**

We propose that the following terms comprise the search, which seem to relate to the India Action:

<u>Search terms</u>:
- MEAWW
- "Eleven Internet Services"
- "Anay Chowdhary" OR Anay w/3 Chowdhary
- "Nirnay Chowdhary" OR Nirnay w/3 Chowdhary
- "Prarthna Sarkar" OR Prarthna w/3 Sarkar
- "Jyotsna Basotia" OR Jyotsna w/3 Basotia
- "New Content Media"
- (Jeff OR Jeffrey) w/3 Epstein

If we can agree as to terms, we can move on to designing a process that provides better assurances of confidentiality and privacy for Mr. Allen.

We look forward to your thoughts.

**Stephanie J. Quincy**
Shareholder

Greenberg Traurig, LLP
2375 E. Camelback Rd. Suite 700 | Phoenix, AZ 85016
T +1 602.445.8506

Greenberg Traurig, LLP
1144 15th Street, Suite 3300 | Denver, Colorado 80202
T +1 303.685.7452
quincys@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



**From:** Schoenberg, Pamela L. <PSchoenberg@ReedSmith.com>
**Sent:** Wednesday, May 19, 2021 9:23 AM
**To:** Quincy, Stephanie J. (Shld-PHX-Labor-EmpLaw) <quincys@gtlaw.com>
**Cc:** gmarshall@swlaw.com; ptighe@swlaw.com; Siev, Jordan W. <JSiev@ReedSmith.com>; Lockwood, Aaron J. (OfCnl-SFO-LT) <lockwooda@gtlaw.com>
**Subject:** RE: In re: Application by Daniel Snyder for an Order Directing Discovery from Bruce Allen (D. Az. Case No. MC-21-00022-PHX-SPL)

Stephanie,

As discussed during our call on Monday, we propose utilizing the same procedures that have been employed in our other 1782 proceedings – including with respect to Moag & Co. – which are as follows:

The parties will engage a third party discovery vendor, FTI Consulting, to conduct a remote forensic imaging of Mr. Allen's devices, including his cell phone, computer and any other devices (iPad, etc.). This forensic imaging will be completed at Mr. Snyder's sole expense. FTI will send Mr. Allen the necessary equipment – including a laptop and cords – to allow for a remote imaging of Mr. Allen's devices. Mr. Allen would only need to plug in those devices to the FTI-provided laptop, call FTI to initiate the remote access, then, when the imaging is complete on the devices, FedEx the laptop back to FTI. Upon receipt, FTI will run the agreed upon search terms and parameters and create a proposed production set. You would then have the opportunity to review that set for privileged documents. Any non-privileged documents would then be produced through FTI to us.

In terms of the data categories that we anticipate having FTI search, the list includes: Text/iMessages (including WhatsApp and/or any other messaging service Mr. Allen has installed on his device(s)), Mr. Allen's personal email accounts, Calendar applications (e.g., Outlook/iCalendar), and Notes.

The specific search parameters are as follows:

**Date range**: January 1, 2020 to present.

**Search Terms**:
- Dan OR Snyder OR DS
- MEAWW
- Eleven
- "Anay Chowdhary" OR Anay OR Chowdhary
- "Nirnay Chowdhary" OR Nirnay OR Chowdhary
- "Prarthna Sarkar" OR Prarthna OR Sarkar
- "Jyotsna Basotia" OR Jyotsna OR Basotia
- India
- "New Content" OR "New Content Media"
- Dwight OR Schar OR "Dwight Schar"
- "Mary Ellen Blair" OR "Mary Ellen" OR Blair
- "Bobby Potter" OR Bobby OR Potter
- (Jeff OR Jeffrey) /2 Pash OR Pash
- Melanie /2 Coburn

- (Washington /2 Post) OR WP OR Wapo
- John or Moag or "John Moag"
- @moagandcompany.com
- Redskins OR WFT OR (Washington /2 (Football OR Team))
- Epstein

Mr. Snyder reserves all rights, including as to the foregoing proposed parameters, unless and until a written agreement is reached.

Thanks,
Pam


**Pamela L. Schoenberg**
212.549.0278
pschoenberg@reedsmith.com

**ReedSmith LLP**
599 Lexington Avenue
New York, NY 10022
Phone 212.521.5400
Fax 212.521.5450

---

**From:** quincys@gtlaw.com <quincys@gtlaw.com>
**Sent:** Thursday, May 13, 2021 3:25 PM
**To:** Schoenberg, Pamela L. <PSchoenberg@ReedSmith.com>
**Cc:** gmarshall@swlaw.com; ptighe@swlaw.com; Siev, Jordan W. <JSiev@ReedSmith.com>; lockwooda@gtlaw.com
**Subject:** RE: In re: Application by Daniel Snyder for an Order Directing Discovery from Bruce Allen (D. Az. Case No. MC-21-00022-PHX-SPL)

EXTERNAL E-MAIL - From quincys@gtlaw.com

Pamela,

Thanks much that does work.
If you send an invite, please include by colleague Mr. Lockwood.

Otherwise, I am happy to.

**Stephanie J. Quincy**
Shareholder

Greenberg Traurig, LLP
2375 E. Camelback Rd. Suite 700 | Phoenix, AZ 85016
T +1 602.445.8506

Greenberg Traurig, LLP
1144 15th Street, Suite 3300 | Denver, Colorado 80202
T +1 303.685.7452

quincys@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

**GT** GreenbergTraurig

**From:** Schoenberg, Pamela L. <PSchoenberg@ReedSmith.com>
**Sent:** Thursday, May 13, 2021 10:33 AM
**To:** Quincy, Stephanie J. (Shld-PHX-Labor-EmpLaw) <quincys@gtlaw.com>
**Cc:** gmarshall@swlaw.com; ptighe@swlaw.com; Siev, Jordan W. <JSiev@ReedSmith.com>
**Subject:** RE: In re: Application by Daniel Snyder for an Order Directing Discovery from Bruce Allen (D. Az. Case No. MC-21-00022-PHX-SPL)

Stephanie,

We are available on Monday afternoon at 1 p.m. MST / 4 p.m. EDT.  Please let us know if that works for your schedule.

We can use the following dial-in number:
Phone: 1-800-730-9938
Code: 5490278

Thanks,
Pam

**Pamela L. Schoenberg**
212.549.0278
pschoenberg@reedsmith.com

**Reed**Smith **LLP**
599 Lexington Avenue
New York, NY 10022
Phone 212.521.5400
Fax 212.521.5450

**From:** quincys@gtlaw.com <quincys@gtlaw.com>
**Sent:** Thursday, May 13, 2021 8:58 AM
**To:** Schoenberg, Pamela L. <PSchoenberg@ReedSmith.com>
**Cc:** gmarshall@swlaw.com; ptighe@swlaw.com; Siev, Jordan W. <JSiev@ReedSmith.com>
**Subject:** RE: In re: Application by Daniel Snyder for an Order Directing Discovery from Bruce Allen (D. Az. Case No. MC-21-00022-PHX-SPL)

EXTERNAL E-MAIL - From quincys@gtlaw.com

Pamela,

Receipt acknowledged. I am fully committed today and tomorrow until approximately 2:00 AZ time. Will you let me know if that would work?

If not, can talk Saturday afternoon or anytime on Sunday.  Open Monday afternoon as well.   (All times are AZ time)

Please let me know what works on your end.

Stephanie

**Stephanie J. Quincy**
Shareholder

Greenberg Traurig, LLP
2375 E. Camelback Rd. Suite 700 | Phoenix, AZ 85016
T +1 602.445.8506

Greenberg Traurig, LLP
1144 15th Street, Suite 3300 | Denver, Colorado 80202
T +1 303.685.7452
quincys@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

**GT** GreenbergTraurig

---

**From:** Schoenberg, Pamela L. <PSchoenberg@ReedSmith.com>
**Sent:** Wednesday, May 12, 2021 3:28 PM
**To:** Quincy, Stephanie J. (Shld-PHX-Labor-EmpLaw) <quincys@gtlaw.com>
**Cc:** Marshall, Greg J. <gmarshall@swlaw.com>; Tighe, Patrick A. <ptighe@swlaw.com>; Siev, Jordan W. <JSiev@ReedSmith.com>
**Subject:** In re: Application by Daniel Snyder for an Order Directing Discovery from Bruce Allen (D. Az. Case No. MC-21-00022-PHX-SPL)

**\*EXTERNAL TO GT\***

Ms. Quincy,

Please see the attached correspondence, which is sent on behalf of Jordan Siev.

**Pamela L. Schoenberg**
212.549.0278
pschoenberg@reedsmith.com

**Reed**Smith LLP
599 Lexington Avenue
New York, NY 10022
Phone 212.521.5400
Fax 212.521.5450

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.