# EXHIBIT 4



Stephanie J. Quincy
Tel 602.445.8506
QuincyS@gtlaw.com

May 10, 2021

**VIA EMAIL**

Gregory J. Marshall
Patrick A. Tighe
Snell & Wilmer, LLP
400 E. Van Buren, Ste. 1900
Phoenix, Arizona 85004
gmarshall@swlaw.com
ptighe@swlaw.com

Jordan W. Siev
Reed Smith LLP
599 Lexington Ave., 22nd Flr.
New York, NY 10022
jsiev@reedsmith.com

Re:   In the Petition of Daniel Snyder for an Order Directing Discovery from Bruce Allen Pursuant to 28 U.S.C. §1782

Gentlemen:

We have been retained by Mr. Bruce Allen to represent his interests in the above matter. Please direct all communications related to this matter to my attention.

We have examined your Petition, the underlying defamation action filed in India, and the over 12 applications you have filed under 28 U.S.C. §1782. Based on our investigation to date, we find no good-faith predicate for Mr. Snyder's request for discovery from Mr. Allen "for use" in a foreign proceeding. Rather, it appears that Mr. Snyder filed this action against Mr. Allen to fish through his personal email, text messages, and phone call, which is harassing and an unfounded invasion of Mr. Allen's privacy.

In addition, Mr. Snyder's Petition failed to note the full lengths to which he has gone to file these actions. In this regard, we note that, despite your filing against Mr. Allen coming after the filing (and Order) against Jessica McCloughan and her company, Mr. Snyder's Petition mentions that §1782 proceeding but only states that Petition was granted, which is a blatant

**Greenberg Traurig, LLP | Attorneys at Law**

2375 East Camelback Road  |  Suite 700  |  Phoenix, Arizona 85016  |  T +1 602.445.8000  |  F +1 602.445.8100

Albany. Amsterdam. Atlanta. Austin. Berlin. Boca Raton. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Los Angeles. Mexico City. Miami. Milan. Minneapolis. Nashville. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. San Francisco. Seoul. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¬Greenberg Traurig Germany, LLP; ⁺A separate UK registered legal entity; ˣGreenberg Traurig, S.C.; ᴾGreenberg Traurig Santa Maria; ºººGreenberg Traurig LLP Foreign Legal Consultant Office; ^A branch of Greenberg Traurig, P.A., Florida, USA; ᴿGT Tokyo Horitsu Jimusho; ˜Greenberg Traurig Grzesiak sp.k.

ACTIVE 57259251v2                                                                                                                   www.gtlaw.com

Gregory J. Marshall
Patrick A. Tighe
Jordan W. Siev
May 10, 2021
Page 2

---

mischaracterization of the adverse ruling by the Court that rejected Mr. Snyder's speculation and conjecture as a valid basis for the broad discovery he sought from Ms. McCloughan. You also wholly fail to mention the action against Mary Ellen Blair or Comstock Holding Companies, Inc. and the outcome in that matter. You mention the matter filed against Shawn Ferguson, but as the entire matter is unavailable to the public, we have no idea if this too is misstated as well. As the Petition here was asserted *ex parte*, you and your client had heightened duties of candor to the Court.

Worse, the Petition lacks any specific allegations – much less evidence – that the requested discovery is calculated to lead to evidence "for use" the India action. The Petition – with its incredibly overbroad requests – is based only on the fact that Mr. Allen spoke with Mr. John Moag, Mr. Allen's longtime friend. We understand that Mr. Moag's calls and texts, as well as the sworn statement that he provided to Mr. Snyder, confirm that the communications between the two had nothing to do with the India action. Leading the Court to believe otherwise violates Rule 11.

Accordingly, we would like to have a conversation with you regarding the basis for Mr. Snyder's Petition and, at a minimum, limiting the scope of the subpoenas served on Mr. Allen, as has been ordered in at least the Colorado proceeding against Ms. McCloughan. Unless you have a good-faith, factual basis to seek discovery from Mr. Allen that was not disclosed in Mr. Snyder's Petition, it should be withdrawn. But, as you know, under LRCiv 7.2(j), "[n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter."

To that end, please let us know some times in the coming days that you are available to discuss Mr. Snyder's Petition before our client incurs the additional fees and costs in bringing a motion to vacate the Court's *Ex Parte* Order and to quash the subpoenas.

Very truly yours,

*Stephanie Quincy*

Stephanie J. Quincy