# EXHIBIT 5



**Driving progress**
**through partnership**
**Jordan W. Siev**
Direct Phone:  +1 212 205 6085
Email:  jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

May 12, 2021

**By Electronic Mail**

Stephanie J. Quincy
Greenberg Traurig LLP
2375 E. Camelback Road, Suite 700
Phoenix, Arizona 85016

**Re:     Application by Daniel Snyder for an Order Directing Discovery from Bruce Allen Pursuant to 28 U.S.C. §1782**

Dear Ms. Quincy:

As you know, we represent petitioner Daniel Snyder ("Mr. Snyder" or "Petitioner").  We write in response to your letter, dated May 10, 2021, in which you make several unfounded and patently false accusations against Mr. Snyder, and improperly challenge the basis for Mr. Snyder's application for discovery from your client, Bruce Allen ("Mr. Allen").  The Court carefully evaluated Mr. Snyder's Petition, and properly held that Mr. Snyder satisfied his burden under the relevant rubric for Section 1782 proceedings, including that the documents sought through discovery are relevant to Mr. Snyder's defamation claims pending in India concerning the Defamatory Articles (the "Indian Action").  The *subpoena duces tecum* that Petitioner served on Mr. Allen is narrow in scope and appropriately tailored to the claims at issue in the Indian Action in which Mr. Snyder intends to use the discovery sought herein.  As such, Mr. Snyder will not withdraw his Petition or the discovery requests in the subpoenas in their entirety, nor will he permit baseless accusations to be made about the basis for the Petition in this, or any other, matter.  If you would like to discuss specific objections Mr. Allen may have to those requests, we are of course available to set up a call at your convenience.  Before that call, however, we wanted to clear up the many misstatements in your letter.

## I.      MR. SNYDER'S APPLICATION WAS PROPER AND MADE IN GOOD FAITH

As the Petition and the Court's April 29, 2021 order make clear, Mr. Snyder's basis for seeking discovery from Mr. Allen is well-founded on the parties' history and documentary evidence obtained through other proceedings.  Indeed, the Court properly found that it could consider the Petition on an *ex parte* basis [Dkt. 4 at 2], and having done so, methodically marched through the relevant two-step inquiry of statutory requirements (*id.* at 2-3) and discretionary factors (*Id.* at 3-5) in granting the Petition.  Thus, your unfounded statements to the contrary notwithstanding, the Petition properly was granted.

Similarly, your contention that the subpoena is an attempt to "fish through [Mr. Allen's] personal email, text messages, and phone call [sic], which is harassing and an unfounded invasion of Mr. Allen's privacy" was considered and rejected by the Court.  Specifically, the Court found that:

Stephanie J. Quincy
May 12, 2021
Page 2



> [T]he proposed subpoenas are tailored to documents and communications concerning Petitioner, the Washington Football Team, the defendants in the Indian Action, and/or the defamatory articles themselves. (Docs. 1-2 & 1-3 (Exhibits A & B)).  At this juncture, the Court is satisfied the Petitioner has made a prima facie showing that the information it seeks from Mr. Allen has, as a general matter, some relevance to the Indian Action.  And given the relevance of the information, it is arguably less likely that issuance of the subpoenas will result in undue intrusion or burden to Mr. Allen.  Of course, Mr. Allen can always contest the subpoenas later on based on overbreadth.

(*Id.* at 4).

You next claim that you "understand" that "Mr. Moag's calls and texts, as well as the sworn statement that he provided to Mr. Snyder, confirm that the communications between the two had nothing to do with the India action," and have the temerity to end with a Rule 11 threat.  Your "understanding" is both wrong and surprising as your firm served as counsel of record for Mr. Moag and Moag & Co. in connection with that proceeding, and your client's own files disprove your understanding.  Thus, had you inquired of your client or your colleagues, you would have learned that your colleagues produced – in response to the subpoena served on Moag & Co. – a screenshot of a text message chain between Mr. Allen and Mr. John Moag, dated July 17, 2020, in which Mr. Allen actively discusses the Defamatory Articles which are the subject of the Indian Action, and Mr. Snyder.  A copy of that communication is annexed hereto as Exhibit A.[1]  Additionally, your colleagues produced copies of emails that were exchanged between Mr. Allen and Mr. Moag in which they discuss Mr. Snyder, the Defamatory Articles, other negative publicity concerning Mr. Snyder and the Team, and the Section 1782 proceeding against Moag & Co. – copies of which are annexed hereto as Exhibit B.  Thus, the nearly 21 hours of calls between Mr. Allen and Mr. Moag certainly involved more than just discussions between "longtime friend[s]," and centered – at least in part – on Mr. Snyder and the Washington Football Team.  Further, and as noted in the Petition, Mr. Moag exhibited advance knowledge of forthcoming negative press about Mr. Snyder.  For these reasons, the District Court of Maryland repeatedly rejected similar arguments made by your firm on behalf of Mr. Moag as to the relevance of the discovery sought therein.  Copies of those orders are attached for your reference as Exhibits C and D.

As the Court here noted, the document requests contained in Mr. Snyder's subpoena seek the following documents from Mr. Allen: (i) communications with the Indian Action defendants (No. 2), (ii) communications about Mr. Snyder and the Washington Football Team – the subject of the Defamatory Articles at issue in the Indian Action (Nos. 1, 2, 4 and 5), and/or (iii) communications about the Defamatory Articles (Nos. 4 and 5).  These narrowly tailored categories are directly relevant to the Indian

---

[1] Due to Mr. Moag's improper destruction of documents – which is the subject of Mr. Snyder's currently pending spoliation motion in the District of Maryland – the remainder of the text conversation is unavailable to Mr. Snyder.  However, it is clear from the image that was provided to Mr. Snyder that Mr. Allen's and Mr. Moag's conversation regarding Mr. Snyder and the Team continued, as evidenced by the cropped image of a person wearing a Team hat at the bottom of the image.



Action, and, based on the foregoing evidence that Mr. Allen engaged in communications that match these criteria, are not sought based on speculation or an attempt to harass Mr. Allen or invade his privacy.

Thus, far from this proceeding being a "fishing expedition" as you claim, Mr. Snyder has ample grounds for seeking discovery from Mr. Allen in connection with the Indian Action concerning the Defamatory Articles. We also note that Mr. Allen has been on notice of Mr. Snyder's intent to seek discovery from him since at least February 8, 2021, when we sent Document Preservation Notices to his counsel. Copies of those letters are annexed hereto as Exhibit E.

## II.     MR. SNYDER'S PETITION DOES NOT MISSTATE OR MISCHARACTERIZE THE STATUS OF ANY RELATED PROCEEDINGS

Your letter makes several serious allegations – without any factual support whatsoever – that Mr. Snyder and his counsel purportedly have violated their duties of candor to the Court. Both Mr. Snyder and his counsel unequivocally deny those allegations in their entirety. Again, a simple inquiry from your colleagues would have put this argument to rest. Indeed, given that your colleagues in the Moag & Co. LLC Section 1782 proceeding attached copies of documents from most of the proceedings you reference in your letter, there is no justifiable excuse as to your misunderstanding of the substantive and procedural history in those matters.

As to your statements that the Petition "mischaracteriz[es]" and/or "misstate[s]" the procedural history of Mr. Snyder's other proceedings brought pursuant to 28 U.S.C. § 1782, your claims are baseless and false. With respect to the proceedings brought in the United States District Court for the District of Colorado, as you should be aware from the publicly available docket, that court **granted** Mr. Snyder's application for an order directing discovery from Mrs. Jessica McCloughan and her company, Friday Night Lights LLC, pursuant to an order dated November 25, 2020. A copy of that order is annexed hereto as Exhibit F. That the District of Colorado Court subsequently narrowed the scope of the subpoenas that Mr. Snyder duly served following a discovery dispute with the respondents therein – based on the specific facts at issue in that proceeding – does not negate the truth of Mr. Snyder's statement in the Petition as to the disposition of Mr. Snyder's application. Regardless, as noted above, Mr. Snyder has overwhelming grounds for seeking discovery from Mr. Allen in this proceeding that are entirely separate from Mr. Snyder's grounds for seeking discovery from Mrs. McCloughan and Friday Night Lights.

Likewise, your false contention that Mr. Snyder somehow is misleading the Court by failing to list all details of each and every Section 1782 proceeding that Mr. Snyder has commenced – all of which were brought in good faith, including this action, and all of which were granted – has no basis in reality. Mr. Snyder's statement that "other District Courts have granted Petitioner's requests for Section 1782 discovery in aid of the Indian Action against parties believed to be involved in the corrupt misinformation campaign being waged against Petitioner" (Petition at 3:18-4:5) is accurate and in no way misleading. Your implication that Mr. Snyder is "mischaracterizing" the status of his other proceedings because the Petition "wholly fail[s] to mention the action against Mary Ellen Blair or Comstock Holding Companies, Inc. and the outcome in that matter" is illogical and baseless. As the public docket shows, Mr. Snyder's petition in that matter was **granted** in its entirety following a lengthy hearing. *See* attached Exhibit G. Similarly, as to your suggestion that Mr. Snyder may have "misstated" facts about the application Mr. Snyder commenced in order to seek discovery from Mr. Shawn Ferguson, based on nothing more than the

Stephanie J. Quincy
May 12, 2021
Page 4



fact that the docket on that matter is not available to the public, such speculation is unfounded.  For the avoidance of doubt, a copy of the District of Maryland's order granting Mr. Snyder's application – as alleged in the Petition – is annexed hereto as Exhibit H.

As noted above, if you would like to discuss the scope of the documents requested in the *subpoena duces tecum* directed to Mr. Allen, we are happy to arrange a call to do so.  To that end, please let us know your availability in the next few days.

This letter is without waiver of or prejudice to any of Mr. Snyder's rights, claims, defenses and objections, all of which are expressly reserved.

Very truly yours,


/s/ Jordan W. Siev



Cc:  Gregory J. Marshall
       Patrick A. Tighe