Stephanie J. Quincy, SBN 014009
quincys@gtlaw.com
Aaron J. Lockwood, SBN 025599
lockwooda@gtlaw.com
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
(602) 445-8000

*Attorneys for Respondent Bruce Allen*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from Bruce Allen Pursuant to 28 U.S.C. § 1782 | Case No. 2:21-mc-00022-SPL<br><br>**RESPONDENT BRUCE ALLEN'S MOTION FOR EVIDENTIARY HEARING ON MOTION TO VACATE EX PARTE ORDER AND QUASH SUBPOENAS OR FOR PROTECTIVE ORDER** |

Pursuant to the Court's inherent authority and duty to supervise the integrity of its proceedings, Respondent Bruce Allen moves the Court to set a hearing for the presentation of documentary and testimonial evidence to address the factual and credibility disputes raised by: (1) Mr. Snyder's *Ex Parte* Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. §1782 (Doc. 1); and (2) Mr. Allen's Motion to Vacate April 29, 2021 *Ex Parte* Order and Quash Subpoenas or, Alternatively, for Protective Order (Doc. 8), which includes a request for sanctions in the form of Mr. Allen's attorneys' fees and costs.

Mr. Snyder's unverified Petition and his recent Amended Opposition to Respondent Bruce Allen's Motion to Vacate and/or to Quash Petitioner's Subpoenas (Doc. 15) have made clear that the propriety and scope of Mr. Snyder's §1782 request

for sweeping discovery from Mr. Allen and, correspondingly, Mr. Allen's request to quash that discovery and for sanctions, turn on material issues of disputed fact and credibility determinations. For example:

- Mr. Snyder has professed to seek Mr. Allen's personal email, text messages, and phone calls "for use" in the Indian Action, but his actions call into question the veracity of his stated purpose, including: (a) initiating §1782 proceedings across the country to investigate a purported "campaign of defamation" against him by untold number of individuals and entities untethered to the claims for relief at issue in the Indian Action; and (b) digging through thousands of Mr. Allen's old redskins.com email and using those email in a disingenuous manner (and, after their initial filing, without reason to do so, unredacting the email to reveal the identity of third parties to this action);

- Mr. Snyder's ongoing failure to identify a logical relationship between the information specifically sought from Mr. Allen and its potential use as proof in the Indian Action raises questions as to how Mr. Snyder actually intends to use this information;

- Mr. Snyder's unfounded personal attacks on Mr. Allen—including accusing him of engaging in "a scheme to spread false claims" and other "egregious misconduct"—cast doubt on whether Mr. Snyder has invoked §1782 against Mr. Allen in good faith or is using this proceeding in an attempt to shift blame for Mr. Snyder's and the Team's negative publicity to Mr. Allen or for some other improper purpose;

- While Mr. Snyder has characterized the requests in his Subpoenas as "narrowly tailored" to discover evidence in aid of the Indian Action, the actual breadth of Mr. Snyder's requests and his continued, unjustified efforts to expand them, including to individuals not mentioned in the Petition or Subpoenas—*i.e.*, the NFL's General Counsel and a former Team cheerleader

who now crusades against Mr. Snyder—call into question the factual basis for such broadly framed requests;

- When Mr. Allen responded to the Petition with a declaration under penalty of perjury (unlike Mr. Snyder, who has yet to attest to *any* of his allegations), Mr. Snyder argued that the Court should reject Mr. Allen's "misleading," "self-serving," and "carefully worded" statements because they are "untested by cross-examination" (*e.g.*, Doc. 15 at 2, 6, and 7); and

- The only evidentiary support to date submitted by Mr. Snyder is the Declaration of his counsel, Jordan W. Siev, who, among other things, has: (a) wrongly accused Mr. Allen of misconduct, including "spread[ing] negative media narratives against his enemies in the football world" (Doc. 15-1 at 2, ¶ 4); (b) questioned Mr. Allen's credibility based on mischaracterizations of Mr. Allen's email from his Team redskins.com account (*ibid*. at 3-8, ¶¶ 6-23); and (c) asserted unfounded conclusions about Mr. Allen's communications with Mr. Moag, including that "Mr. Allen had no business reason to remain in contact with Mr. Moag," based on a review of Mr. Moag's phone records that Mr. Snyder obtained in another §1782 proceeding (*ibid*. at 8-10, ¶¶ 25-31).

These material disputes of fact and credibility issues render an evidentiary hearing necessary. *See, e.g.*, *Ramos v. Drews*, No. 14-CV-2556, at *22 (N.D. Ill. Oct. 16, 2018) (noting that "[f]actual disputes presented by discovery motions must generally be presented to the court" and that "the court must resolve credibility disputes on a motion for sanctions"). Courts have found evidentiary hearings appropriate in §1782 proceedings like this one. *See, e.g.*, *In re Request for Assistance From Ministry of Legal Affairs of Trinidad and Tobago*, 117 F.R.D. 177, 179 (S.D. Fla. 1987) (court conducted two evidentiary hearings over several days to evaluate §1782 request); *Fonseca v. Blumenthal*, 620 F.2d 322, 323 (2d Cir. 1980) (noting that district court held evidentiary hearing before ruling on §1782 discovery); *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1197 (11th Cir. 2016) (district court held evidentiary hearing on request for

3

sanctions in connection with §1782 request). As Mr. Snyder's Opposition states, neither side in this case should have to rely on the other's representations "untested by cross-examination."

Accordingly, the Court can—and should—hear directly from the parties before determining whether: (1) Mr. Snyder has a good-faith basis under §1782 to impose onerous, invasive third-party discovery on Mr. Allen; or (2) Mr. Snyder has preceded on pretext and speculation and breached his obligation to avoid imposing undue burden and expense. *See, e.g.*, *Alexander v. F.B.I*, 541 F. Supp. 2d 274, 276 (D.D.C. 2008) (noting the court's "inherent authority and its duty to supervise the integrity of its processes" in connection with a request for evidentiary hearing).

Dated this this 2nd day of July 2021.

                        GREENBERG TRAURIG, LLP

                        By: */s/ Stephanie J. Quincy*
                            Stephanie J. Quincy, SBN 014009
                            Aaron J. Lockwood, SBN 025599
                            *Attorneys for Respondent Bruce Allen*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory J. Marshall
Patrick A. Tighe
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
gmarshall@swlaw.com
ptighe@swlaw.com

Jordan W. Siev
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, New York 10022
jsiev@reedsmith.com

*Attorneys for Petitioner Daniel Snyder*

By: */s/ Diane J. Linn*
　　　Employee, Greenberg Traurig, LLP