1  Gregory J. Marshall (#019886)
   Patrick A. Tighe (#033885)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren, Suite 1900
   Phoenix, Arizona 85004-2202
4  Telephone:  602.382.6000
   gmarshall@swlaw.com
5  ptighe@swlaw.com

6  Jordan W. Siev (*Admitted Pro Hac Vice*)
   REED SMITH LLP
7  599 Lexington Avenue, 22nd Floor
   New York, NY 10022
8  Tel: (212) 521-5400
   jsiev@reedsmith.com
9
   *Attorneys for Petitioner Daniel Snyder*
10
                **IN THE UNITED STATES DISTRICT COURT**
11
                    **FOR THE DISTRICT OF ARIZONA**
12

13                                                  Case No. 2:21-mc-00022-SPL

14                                                  **PETITIONER DANIEL SNYDER'S
                                                    RESPONSE OPPOSING
15   In re Application of Daniel Snyder             RESPONDENT BRUCE ALLEN'S
     for an Order Directing Discovery from         MOTION FOR EVIDENTIARY
16   Bruce Allen Pursuant to 28 U.S.C. § 1782      HEARING ON MOTION TO
                                                    VACATE EX PARTE ORDER AND
17                                                  QUASH SUBPOENAS OR FOR
                                                    PROTECTIVE ORDER**
18

19

20        The Court should deny Respondent Bruce Allen's ("**Respondent**" or "**Mr. Allen**")

21   July 2, 2021 Motion for an Evidentiary Hearing on Respondent's Motion to Vacate the Ex

22   Parte Order and Quash Subpoenas or for Protective order (the "**Motion**").  Incongruously,

23   Respondent seeks to take discovery and conduct an unspecified evidentiary hearing on the

24   very subject of whether Respondent has to provide discovery in response to subpoenas

25   which were duly authorized by this Court.  In other words, Respondent seeks to conduct

26   discovery about whether Petitioner Daniel Snyder ("**Petitioner**" or "**Mr. Snyder**") can

27   conduct discovery. As with Respondent's underlying motion seeking to vacate the Court's

28

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

4842-3389-3362

1  properly rendered order, this Motion likewise is procedurally and substantively deficient,

2  and it should be denied.

3        For starters, Mr. Allen's Motion fails to set forth any valid grounds or controlling

4  precedent for imposing the extraordinary, time-consuming, and costly requirement on the

5  Court and Petitioner of holding a full-blown evidentiary hearing concerning what is, at its

6  core, a simple discovery dispute.  Mr. Allen once again uses his Motion papers to distract

7  from his own blanket refusal to comply with Petitioner's Subpoenas and to advance

8  Respondent's false narrative concerning Petitioner.  In doing so, he has attempted to create

9  "material disputes of fact" where none exist.

10        This Court has set forth the appropriate procedures for resolving discovery disputes.

11  Those rules do not include an evidentiary hearing in lieu of holding a proper meet and

12  confer, conferencing the dispute with the Court, and holding oral argument in the Court's

13  discretion – and even then, in rare instances.  Respondent seeks to put the cart before the

14  horse by seeking an evidentiary hearing – including taking depositions for use at that

15  hearing – on the question of whether Petitioner's is entitled to the documents and deposition

16  testimony duly subpoenaed from Respondent under this Court's order.  To Petitioner's

17  knowledge, Respondent has made no attempt to search his records for the requested

18  documents, nor has he provided any specific claim of legitimate burden in doing so.  To

19  allow him to circumvent this most basic requirement entirely defeats the efficient

20  procedures established by this Court.

21        Even to the extent that Respondent attempts to link his request for an evidentiary

22  hearing to his underlying motion to vacate and/or quash, this too fails.  Respondent's list of

23  purported "issues" to be resolved at the requested evidentiary hearing are irrelevant to his

24  underlying discovery motion, and certainly are not "material issues of disputed fact" or

25  "credibility determinations" that would warrant a hearing – or even need to be resolved to

26  rule on Respondent's fully briefed and meritless motion to vacate and/or quash.  Indeed,

27  Respondent essentially concedes that this dispute is a legal dispute, not a factual dispute,

28  that the Court can decide on the papers because he repeatedly argues that Petitioner

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

4842-3389-3362

purportedly must demonstrate "a logical relationship" between his discovery requests and its potential use in the Indian Action.  Whether there is "a logical relationship" between the discovery sought and the Indian Action is a legal dispute that does not require a wasteful evidentiary hearing.  Respondent's limited and non-binding case law concerning the use of evidentiary hearings in Section 1782 proceedings reinforces that such hearings are not typically used or appropriate for routine fact determinations that are within the Court's ability to resolve on motion papers alone, as opposed to threshold issues of foreign law for which expert evidence may be needed (which is not the case here).

Finally, Respondent's attempt to link his request for an evidentiary hearing to his barebones and meritless request for attorneys' fees is patently insufficient.   In the context of sanctions motions, evidentiary hearings are intended to protect the non-moving party's due process rights – not, as Respondent is attempting to do, advance the arguments of the party seeking sanctions.  Notably, Respondent does not cite to any controlling precedent to support his extraordinary request, as the current proceedings simply do not fit the criteria in which an evidentiary hearing is appropriate.

For the reasons set forth below, the Court should not permit Respondent to utilize a burdensome (and unnecessary) evidentiary hearing on irrelevant issues in order to further delay Mr. Allen's compliance with his discovery obligations.

## I.  THIS COURT'S RULES DO NOT PERMIT EVIDENTIARY HEARINGS TO RESOLVE SIMPLE DISCOVERY DISPUTES.

Neither the Court's Individual Rules, the Local Rules, nor the Federal Rules of Civil Procedure provide for evidentiary hearings to resolve a simple discovery dispute.  To the contrary, the Court's Individual Rules and the Local Rules set out the standard procedures for discovery disputes, which first require the parties to meaningfully meet and confer[1]

---

[1] Indeed, even Respondent's purported attempt to meet and confer – the first step in the process – fell well short of a good faith effort, with Respondent's counsel demanding Petitioner's consent to an evidentiary hearing on less than a day's notice without providing any logistic or substantive details whatsoever of what Respondent's proposed hearing would entail.

- 3 -

4842-3389-3362

1    before conferencing a potential dispute with the Court through informal means, and only

2    after those efforts fail can the party burden the Court with motion practice, as Respondent

3    has done twice already.  This Court has indicated its standard practice is to not hold oral

4    argument on motions, except in special circumstances in its discretion – and only when a

5    party makes a written request for argument in its initial motion papers (Local Rule 7.2(f)).

6    While Respondent requested oral argument on its motion to vacate, it did not request an

7    evidentiary hearing.  Similar to Local Rule 7.2(f)'s requirement as to requesting oral

8    argument, such a request should have been made at the outset, not after the motion was fully

9    briefed.  Respondent does not – and cannot – cite to any law or facts that would justify

10   deviating from that standard practice here, let alone escalating the burden on the Court by

11   requiring a full evidentiary hearing where none was requested in writing at the outset of the

12   underlying motion.

13         Furthermore, Respondent's application was procedurally defective in that it did not

14   include a proper proposed order, in violation of Local Rule 7.1(b)(2).  Here, in particular, a

15   proposed order detailing the specific relief sought is critical to a proper resolution of

16   Respondent's application, as Respondent's application contains no information as to the

17   proposed structure or format of the proceedings he is requesting – such as the list of factual

18   issues to be proven at the hearing, the number and identity of witnesses, the length of the

19   hearing, and whether any pre-hearing discovery would be sought.  Although Respondent

20   finally provided a portion of this information through the parties' subsequent meet and

21   confer process, Petitioner still is unclear as to the specific "evidence" that Respondent seeks

22   to present at this superfluous hearing. Respondent's vague and ambiguous request for an

23   unspecified evidentiary hearing on broad topics that have no bearing on the underlying

24   discovery dispute is defective and should be denied.

25

26

27

28

- 4 -

4842-3389-3362

## II. RESPONDENT FAILS TO CITE TO ANY CONTROLLING PRECEDENT TO JUSTIFY AN EVIDENTIARY HEARING IN CONNECTION WITH HIS BELATED AND IMPROPER CHALLENGE TO PETITIONER'S SECTION 1782 APPLICATION.

Respondent is seeking an evidentiary hearing in order to challenge the Court's order granting Petitioner's Section 1782 application and to address the scope of the Subpoenas (Motion at pp. 2-3) – issues which do not require an evidentiary hearing and can be resolved on the parties' fully briefed motion papers. Further, Mr. Allen's admitted intent of using the evidentiary hearing to attempt to challenge certain "unfounded personal attacks" against him also is improper and does not, as he argues, constitute "material issues of disputed fact and credibility determinations." (Motion at pp. 2-3). The Court is well-equipped – as it does every day – to rule on a motion such as this on the full briefing submitted.

Respondent also claims a hearing is needed in order to determine, in essence, the purpose of the Section 1782 proceeding as other proceedings have also been initiated against other parties (*all* of which have been granted), and because Petitioner submitted emails from Mr. Allen in opposition to the motion to vacate or for a protective order.

As an initial matter, the filing or pendency of other Section 1782 petitions is irrelevant to the petition granted by this Court. Rather, the statutory requirements simply include, among other things – and as the Court found in granting the Section 1782 petition – that Mr. Snyder properly pled that he is party to the Indian Action, and that the requested discovery is for use in the Indian Action. [Dkt. 4 at pg. 3]. Of course, Respondent has no information or evidence to the contrary. Any concerns as to the intended use of the discovery easily can be dealt with through a proper protective order.

Further, contrary to Respondent's statement (Motion at 3), Petitioner does not claim that the Court should "reject" Mr. Allen's declaration because it is untested by cross-examination. Rather, what Petitioner argues is that, in light of the fact that Mr. Allen put at issue – and swore under penalty of perjury – an unequivocal statement that he has "never served as an anonymous source for any news or media reports" (Dkt. 8-1 at par. 9), the evidence submitted should be used by the Court in weighing the veracity of that statement

4842-3389-3362

1    as a basis for Mr. Allen seeking to block discovery against him.  The Court has Mr. Allen's

2    own words (both in his declaration and his contemporaneous emails with reporters) in black

3    and white, and easily can consider whether those emails cast doubt on his claimed basis for

4    avoiding the requested discovery.  Finally, any objections to the scope of the requested

5    discovery can and should be dealt with through the well-established procedures and rules

6    of this Court noted above, not a wasteful evidentiary hearing.

7         Respondent's reliance on *In re Request for Assistance from Ministry of Legal Affairs*

8    *of Trinidad & Tobago*, 117 F.R.D. 177, 179 (S.D. Fla. 1987) is misplaced.  There, the

9    Southern District of Florida held an evidentiary hearing in a Section 1782 proceeding solely

10   on the narrow issue of whether the discovery sought would violate the laws of the country

11   where the foreign proceeding was pending – an element of the relevant test under Section

12   1782.  *Id*.  The petitioner and respondent produced "dueling experts" on the laws of Trinidad

13   and Tobago, but not – as Respondent seeks here – fact witnesses testifying regarding matters

14   well within the Court's ability to ascertain from the existing record.  Respondent has not

15   raised any – and indeed there is no – dispute as to any issues of foreign law in this matter,

16   and therefore no evidentiary hearing is required.  Indeed, no such dispute of foreign law is

17   listed by Respondent as a claimed basis for the evidentiary hearing (*See* Motion at 2-3).

18        *Fonseca v. Blumenthal*, 620 F.2d 322, 323 (2d Cir. 1980), similarly involved an

19   evidentiary hearing of dueling experts "to determine the status and function of the

20   Superintendent of Exchange Control under Colombian law," in order to ascertain whether

21   it constituted a "foreign tribunal" under the meaning of Section 1782.  Accordingly, for the

22   same reasons as discussed above, *Fonseca* fails to support Respondent's argument that an

23   evidentiary hearing is needed and/or appropriate here.

24        Finally, contrary to Respondent's misleading description, the evidentiary hearing at

25   issue in *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194 (11th Cir. 2016) did not pertain to

26   the propriety of the underlying Section 1782 application, as the Motion incorrectly suggests,

27   but rather the petitioner's motion for sanctions arising out of the respondent's repeated

28   failures to comply with court orders compelling it to produce documents responsive to the

- 6 -

4842-3389-3362

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

1  petitioner's subpoena.  There, the sanctions at issue consisted not merely of attorneys' fees

2  – as Respondent here seeks – but also a coercive sanction "of $500 a day for up to sixty

3  days of any continued non-compliance" with the court's contempt order.  As discussed

4  below, the due process implications of a punitive sanction as in *Sergeeva* do not exist here,

5  and therefore the case is inapposite.

6      Accordingly, Respondent fails to demonstrate any compelling need for an

7  evidentiary hearing at this juncture in order to resolve the pending discovery dispute, and

8  he cannot cite to any precedent to suggest that such a burdensome, expensive, and time-

9  consuming hearing would be appropriate or justified in light of the relief sought by

10  Respondent's related motion to quash and/or vacate.

11  **III.   NO EVIDENTIARY HEARING IS REQUIRED OR APPROPRIATE TO RESOLVE RESPONDENT'S FRIVOLOUS APPLICATION FOR ATTORNEYS' FEES.**

13      To the extent that Respondent is attempting to use his barebones and wholly

14  meritless application for sanctions – which consisted of a single paragraph in his motion to

15  vacate, quash and/or for a protective order, and simply sought attorneys' fees – as the

16  "hook" to gain an evidentiary hearing, this likewise is misguided.

17      The purpose of holding an evidentiary hearing in connection with a motion for

18  sanctions is to protect the non-moving party's due process rights when the threatened

19  sanction would deprive that party of substantive rights, such as the ability to pursue his or

20  her claims.  *See Religious Tech. Ctr. v. Scott*, No. 94-55781, No. 94-55920, 1996 U.S. App.

21  LEXIS 8954, at *11 (9th Cir. Apr. 11, 1996).  Even when a party's due process rights are

22  at issue, the Ninth Circuit has confirmed that an evidentiary hearing ***is not necessary*** in

23  order to resolve issues of witness credibility and/or unilateral claims regarding the existence

24  (or non-existence) of documents at issue in discovery.  *Id*.  Indeed, this Court re-affirmed

25  that it is entirely within its discretion to ***deny*** a request for an evidentiary hearing where

26  none is needed.  *See Epicenter Partners, LLC v. Sonoran Desert Land Investors, LLC*, 2018

27  WL 2239561 at *7 (D. Ariz. May 16, 2018).  Respondent, as the party seeking sanctions,

28

4842-3389-3362

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

1   bears no risk of harm to his due process rights in the absence of an evidentiary hearing.  The

2   only relief Respondent seeks in his meritless sanctions application is a compensatory award

3   of attorneys' fees incurred in connection with his own unnecessary and improper motion to

4   quash and/or vacate, and therefore the present case certainly does not meet the high

5   threshold for requiring an evidentiary hearing.

6          Respondent relies solely upon non-controlling – and entirely inapposite – case law

7   from various district and circuit courts other than this Court or the Ninth Circuit to support

8   his meritless arguments.  For example, *Ramos v. Drews*, No. 14-CV-2556, 2018 U.S. Dist.

9   LEXIS 178033, at \*33 (N.D. Ill. Oct. 16, 2018) (*cited by* Respondent at Motion, p. 3) does

10  not stand for the proposition that an evidentiary hearing is required to resolve credibility

11  disputes before awarding sanctions, as Respondent implies.[2]  In fact, the Northern District

12  of Illinois in *Ramos* **denied** the defendant's request for an evidentiary hearing in that matter,

13  noting that courts should exercise their inherent powers – such as the power to grant an

14  evidentiary hearing in connection with a sanctions application – with restraint and only

15  upon a showing of "compelling" evidence of wrongdoing.  *Id.*, 2018 U.S. Dist. LEXIS

16  178033, at \*33.  No such evidence exists here, and Respondent has failed to meet the

17  standard for holding such an unduly burdensome and unnecessary hearing.

18                                    **CONCLUSION**

19         Respondent's motion should be denied in its entirety, and the Court should grant

20  such other and further relief as it deems just, fair, and equitable.

21

22

23

24

---

25  [2] Respondent's parenthetical quotations likewise are misleading, as the Northern District of
    Illinois's discussion of the need to "present" factual disputes on a discovery motion to the
26  court, and that the court would "resolve credibility disputes on a motion for sanctions,"
    arose in the context of advising the parties that the court – not the jury – would resolve those
27  issues.  *Ramos*, 2018 U.S. Dist. LEXIS 178033, at \*32.  The Northern District of Illinois
28  did not, however, say that an evidentiary hearing is required to fulfill those duties.

4842-3389-3362

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

DATED: 19th day of June, 2021

SNELL & WILMER L.L.P.

By: /s/ *Patrick A. Tighe*
    Gregory J. Marshall
    Patrick A. Tighe
    One Arizona Center
    400 E. Van Buren, Suite 1900
    Phoenix, Arizona  85004-2202
    gmarshall@swlaw.com
    ptighe@swlaw.com

Jordan W. Siev  (*Pro Hac Vice*)
Reed Smith LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
jsiev@reedsmith.com

*Attorneys for Petitioner Daniel Snyder*

- 9 -

4842-3389-3362

SNELL & WILMER
L.L.P.
LAW OFFICES
ONE ARIZONA CENTER
400 E. VAN BUREN, SUITE 1900
PHOENIX, ARIZONA 85004-2202

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that I electronically transmitted the attached document on July 19,

3

2021 to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a

4

Notice of Electronic Filing to all CM/ECF Registrants.

5

6

By: /s/ *Richard A. Schaan*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

4842-3389-3362