IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Snyder,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Bruce Allen,<br><br>　　　　　Defendants. | No. MC-21-00022-PHX-SPL<br><br>**ORDER** |

## I. BACKGROUND

Petitioner alleges several defamatory articles were written about him and published on a website. (Doc. 1 at 2). Plaintiff brought a defamation action against the authors, as well as the internet provider who directed their publication, in the High Court of Delhi at New Delhi (hereinafter the "Indian Action"). (Doc. 1 at 1-2). Respondent is the former President and General Manager of the Washington Football Team. (Doc. 1 at 2). Petitioner alleges Respondent engaged in several phone calls with John Moag, an investment banker who had extensive contact with the media before and after the publication of the articles. (Doc. 1 at 2). Petitioner therefore "believes that Respondent is in possession, custody and/or control of documents and communications that contain relevant information concerning the same campaign of defamation against Petitioner." (Doc. 1 at 3).

On April 23, 2021, Petitioner filed an ex parte application under 28 U.S.C. § 1782 seeking to compel Respondent to provide discovery for use in the Indian Action (Doc. 1), which this Court granted (Doc. 2). Petitioner seeks broad deposition testimony and

documents, essentially requesting information on any and all communications Respondent has had, at any time, with or about (a) the website that published the article or any of its employees/affiliates, (b) the Petitioner, (c) the Washington Football team, and (d) the articles themselves. (Docs. 1-2 & 1-3). However, the Court noted that Respondent "can always contest the subpoenas later on based on overbreadth." (Doc. 4 at 4); *see also In re Letter of Request from Supreme Court of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991) ("[E]x parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.").

On May 14, 2021, Respondent filed a Motion to Vacate and Motion to Quash Subpoenas unequivocally denying any involvement in the underlying facts of the Indian Action and arguing that the discovery requests are overbroad and sought in bad faith. (Doc. 8). Before the Court is Respondent Bruce Allen's Motion for Evidentiary Hearing on Motion to Vacate Ex Parte Order and Quash Subpoenas or for Protective Order (Doc. 21).[1]

Respondent seeks an evidentiary hearing because he argues the request to quash the subpoenas "turns on material issues of disputed fact and credibility determinations" to determine whether Petitioner has a good-faith basis to impose the "onerous, invasive third-party discovery" or has instead "preceded on pretext and speculation and breached his obligation to avoid imposing undue burden and expense." (Doc. 21 at 3-4). Petitioner argues an evidentiary hearing would be unduly onerous and that the purported issues to be resolved at the hearing are irrelevant to the underlying motion to quash. (Doc. 24).

**II.   LEGAL STANDARD**

Consistent with the "well-settled principle that a district court has broad discretion to manage its own calendar," *United States v. Batiste*, 868 F.2d 1089, 1091 n. 4 (9th Cir. 1989), the Ninth Circuit has repeatedly held that "[w]hether an evidentiary hearing is

---

[1] On July 9, 2021, the Court granted Respondent's request for an evidentiary hearing (Doc. 22), but thereafter ordered that Petitioner could respond to the request and that the Court would reconsider the need for the hearing (Doc. 23).

appropriate rests in the reasoned discretion of the district court." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986). *See also United States v. Licavoli*, 604 F.2d 613 (1979) (same) (quoting *United States v. Santora*, 600 F.2d 1317, 1320 (9th Cir.1979). "In developing the jurisprudence of evidentiary hearings, the Ninth Circuit has made clear that no quantum or quality of proof is sufficient to preclude a district court from holding an evidentiary hearing when it so chooses." *United States v. Moran-Garcia*, 783 F. Supp. 1266, 1269 (S.D. Cal. 1991). The Ninth Circuit has reasoned that "[t]he only reason for a rule prohibiting the district court from holding a hearing . . . would be to save court time or the parties' time. [Therefore, i]f the district court . . . believes that it is worth taking the time to hold the hearing, [then the Ninth Circuit] will not preclude it from doing so." *Batiste*, 868 F.2d at 1092.

## III.   DISCUSSION

Petitioner objects to an evidentiary hearing, arguing that Respondent "fails to set forth any valid grounds or controlling precedent for imposing the extraordinary, time-consuming, and costly requirement on the Court and Petitioner of holding a full-blown evidentiary hearing concerning what is, at its core, a simple discovery dispute." (Doc. 24 at 2). Petitioner appears to argue that a hearing is not necessary and would in fact be unduly burdensome. However, as explained above, it is within this Court's wide discretion to determine whether an evidentiary hearing would be helpful to resolve the issues presented.

Furthermore, the scope of the evidentiary hearing and discovery required for the hearing appears quite limited. In Respondent's request for an evidentiary hearing, he does not specify the specific discovery that would be required for the hearing. He does, however, argue that "the Court can—and should—hear *directly from the parties* before determining whether: (1) Mr. Snyder has a good-faith basis under §1782 to impose onerous, invasive third-party discovery on Mr. Allen; or (2) Mr. Snyder has preceded on pretext and speculation and breached his obligation to avoid imposing undue burden and expense." (Doc. 21 at 4). Respondent further argues that "the Court should require Snyder to testify to the numerous assertions and accusations he has made in this matter through counsel"

and that "the Court should take advantage of its ability to hear directly from Snyder in assessing whether and to what extent sanctions are warranted." (Doc. 25 at 7-8). It appears, therefore, that Respondent only seeks to question Petitioner himself regarding his motives in seeking broad discovery.

The Court finds that the limited discovery required to obtain such information from Petitioner himself would not be unduly burdensome, and an evidentiary hearing on the limited issue of Petitioner's motives in seeking such broad discovery would assist the Court in ruling on Respondent's pending Motion to Vacate/Quash, including his request for sanctions (Doc. 8). Given the arguments in the briefing, however, the evidentiary hearing will be limited to testimony from Petitioner himself regarding his motive in seeking such broad discovery. Accordingly,

**IT IS ORDERED** that the Court will hold the evidentiary hearing presently scheduled for **August 31, 2021 at 9:00 a.m.**

**IT IS FURTHER ORDERED** that the evidentiary hearing will be limited in scope as stated in this Order.

Dated this 28th day of July, 2021.

Honorable Steven P. Logan
United States District Judge

4