# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL SNYDER, | * | |
| Plaintiff, | * | |
| vs. | * | Civil No. ELH-20-2705 |
| MOAG & CO., LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This case was referred to me to resolve ECF 59, Petitioner's Motion for Sanctions for Spoliation of Evidence, on April 26, 2021. ECF 60. Respondent filed a Response in Opposition and a Cross Motion for Leave to Take Discovery on May 6, 2021. ECF 61. A Motion for Other Relief (Conditional Cross Motion for Leave to Take Discovery) was filed by Respondent on May 6, 2021. ECF 62. Petitioner filed a Response and a Reply to the Motion for Sanctions on May 20, 2021. ECF 63. Respondent filed a Reply to the Motion for Other Relief on June 1, 2021. ECF 64. The matter is fully briefed and there is no need for a hearing. D.Md. Local Rule 105.6. For the reasons set forth below, ECF 59, Petitioner's Motion for Sanctions is DENIED. In accordance with the denial of ECF 59, ECF 62 is DISMISSED AS MOOT.

### **Introduction**

On September 17, 2020, Petitioner filed a petition in this Court under 28 U.S.C. §1782, seeking to serve discovery upon Respondent to aid him in a civil proceeding pending in New Delhi, India. ECF 1. It is also noteworthy that Petitioner also filed multiple petitions in other federal districts naming other respondents and requesting discovery under §1782. ECF 61 p.10. None of these persons were identified as litigants in the action in India. They were however, all

related to the Washington Football Team ("WFT") and intertwined with the disputes surrounding Petitioner's ownership.

According to Respondent and not refuted by Petitioner, Petitioner has been the source of many negative media accounts and social media postings surrounding his ownership in the WFT. ECF 61. Petitioner filed suit in India against an obscure website that printed false "rumours" about Petitioner and sexual misconduct (his alleged association with Jeffrey Epstein) on the part of Petitioner. *Id.* It is important to put the matter here in perspective – Petitioner did not file any defamation actions against Respondent or any other party here in the United States where he has received long term critical comments regarding his management of the WFT and at least one other scandal regarding sexual misconduct towards women associated with the WFT (cheerleader scandal). The focus of the India action, as the Court understands it is defamation resulting from printing these false rumors about Petitioner having a relationship with Jeffrey Epstein. The litigation in India has nothing to do with Respondent and does not name Respondent.

The Court permitted the discovery and granted a motion to compel, based upon Respondent not timely filing responses to subpoenas. ECF 23. Petitioner has now filed the motion for sanctions alleging spoliation by Respondent. Despite the convoluted nature of these proceedings and their relationship to similar Petitions filed in multiple districts and the great animosity between the parties, the matter is quite simple – has Petitioner met the elements of spoliation.

### Analysis

Spoliation is the "destruction or material alteration of evidence…or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Sylvestri*

2

*v.Gen. Motors Corp.,* 271 F.3d 583, 590 (4th Cir. 2001). In order to prove that spoliation warrants a sanction, a party must show that: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it. *Charter Oak Fire Ins. Co. v. Marlow Liquors, LLC*, 908 F. Supp. 2d 673, 678 (D. Md. 2012) (internal citations, quotation marks, and brackets omitted); *see also Sampson v. City of Cambridge, Md.*, 251 F.R.D. 172, 179 (D. Md. 2008).

In the present case, Respondent admits he had control over information in his devices and the Court recognizes the obligation to preserve it. At first blush it appears that the first element has been met. Respondent states that he had a practice of continually deleting data from his cell or devices unless there was a business purpose that warranted preservation. Petitioner refutes that claim by showing that other documents pre-dating the subpoena still existed in Respondent's phone. ECF 59-1. Petitioner alleges that Respondent "knowingly and intentionally" deleted documents relevant to the India action. ECF 59-1. There is no proof offered by Petitioner that Respondent actually possessed any documents relevant to the India action – no documents have been identified by Petitioner. While it is true that Petitioner cannot identify documents he does not have, Petitioner provides no credible basis to explain why he even expected to find evidence in Mr. Moag's devices. The Court does not buy into the alleged conspiracy theory offered by Petitioner. Other than Petitioner's allegations, there is no support for any conspiracy. In fact, Respondent refutes that argument handily in his pleadings and his declaration.

3

Regardless of whether Respondent had any documents that were relevant to the India action and *assuming arguendo* that relevant documents existed, Respondent had a duty to preserve any evidence. Although this Court is not convinced Petitioner breached that duty because of the hazy nature of the alleged "documents" one could argue that Petitioner has met the first requirement for spoliation.

"In the Fourth Circuit, for a court to impose some form of sanctions for spoliation, any fault—be it bad faith, willfulness, gross negligence, or ordinary negligence—is a sufficiently culpable mindset." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 529 (D. Md. 2010). In the context of spoliation, ordinary negligence is the failure to identify, locate, and preserve evidence, where a reasonably prudent person acting under like circumstances would have done so. *See In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 519 (S.D.W. Va. 2014).

A finding of gross negligence requires a similar showing as ordinary negligence, but to a greater degree. *Id.* Willfulness and bad faith will only be found where a party has engaged in "intentional, purposeful, or deliberate conduct." *Id.* (quoting *Victor Stanley*, 269 F.R.D. at 529). While bad faith requires the destruction of evidence "for the purpose of depriving the adversary of the evidence," *Goodman v. Praxair Services, Inc.*, 632 F. Supp. 2d 494, 520 (D. Md. 2019), willfulness only requires a demonstration of intentional or deliberate conduct resulting in spoliation. *Buckley v. Mukasey*, 538 F.3d 306, 323 (4th Cir. 2008). Petitioner has presented no real evidence that Respondent, in deleting messages or documents, did so with the express purpose of depriving Petitioner of the evidence in this litigation. Petitioner offers no evidence of willful conduct. Assuming Respondent had relevant documents, absent a showing of willful conduct, Respondent's conduct was either negligent or grossly negligent in deleting that

4

evidence. If Petitioner has met his first burden then Respondent's negligent or grossly negligent conduct would satisfy the second element for spoliation. The level of culpability relates to the application of sanctions and the degree of sanctions to be applied (greater sanctions for willful conduct and less for negligent) if all three elements are met. I find that as to the second element, Petitioner has not met his burden. Petitioner has shown Respondent deleted documents such as texts or other communications, but not that Respondent deleted documents *relevant* to the India litigation.

Even *assuming arguen*do that Petitioner had met the second element of proving a culpable mindset, again this Court must examine the third element, put simply – the relevance of the lost information. Even assuming Petitioner could meet the first and second requirements for spoliation, there has been no evidence presented and no viable reason to convince this Court that Respondent had relevant information to the foreign litigation in India and deleted that information from his electronic devices. Indeed, Respondent in his Declaration states he was not even aware of the India litigation or the basis for such until after their publication on July 16, 2020. ECF 30.

The evidence is relevant "if the evidence would have naturally been introduced into evidence" citing *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995). Evidence is relevant if it might have supported Plaintiff's claims. *Eller v. Prince Georges Cty. Pub. Sch.* 2020 WL 7336730 (D.Md. Dec. 14. 2020). Petitioner has failed to show that any relevant information existed and how that evidence might have supported Petitioner's claims in the India litigation. Here, Petitioner asks the Court to simply assume that because Respondent, a non-party to the India litigation, deleted emails, texts and possibly documents from his devices, that those deletions contained evidence relevant to the India litigation. The Court refuses to do so.

5

On December 17, 2020 this Court made a preliminary finding "after carefully reviewing the pleadings in this case, the information sought regarding the production of phone records, text messages and other communications…to be within the scope of discoverable information…" ECF 23, p.2. That ruling pertained only to the relevance of the information with respect to the motion to compel, not the relevance of the alleged information and the burden of proof for spoliation. In other words, if that information existed, it would have been discoverable. I further Ordered Respondent to file an affidavit attesting to compliance or in the alternative to provide any compelled material. *Id.* The Petitioner here is not asking for compelling production, but sanctions for spoliating evidence. The burden of proof with respect to the issue of relevance is distinctly different requiring a different analysis by the Court.

Petitioner argued in his motion that "Mr. Moag admitted in a sworn statement to this Court that he deleted communications with third parties that discussed Mr. Snyder, the Washington Football Team …and the Defamatory Articles at the heart of the Indian Action." ECF 59-1. Petitioner cited the Court to ECF 30, the Declaration of Mr. Moag in support. I have reviewed this Declaration and nowhere in this Declaration does Mr. Moag admit to deleting information related to the "Defamatory Articles at the heart of the Indian Action." Instead the opposite is true. Respondent testified – "Let me again be clear: as it related to the sourcing or my knowledge of any aspect of the India Litigation allegations, there literally are zero documents that I can or have produced, because no such documents exist. Documents we've produced are simply responsive to search terms provided by the Snyder team, which my counsel suggested, in order to be helpful." Petitioner misrepresented the evidence and I find no support for Petitioner's allegation that Respondent had documents that were relevant to the India action and deleted those documents. To follow Petitioner's logic – if a witness who is not a party or witness in the

6

subject litigation is served with a foreign subpoena and that witness routinely deleted electronic information, then the deleted information *must have been relevant.* That logic is simply not logical here where there is no reasonable basis to support Petitioner's allegations. There is no proven nexus between the India litigation and the Respondent to suggest the existence of relevant information.

Respondent also points out that Petitioner failed to inform the Court that Respondent voluntarily turned over his cell phone and electronic devices for a forensic exam and voluntarily met with Petitioner's counsel to answer questions about the alleged evidence. ECF 61. Petitioner does state that those devices were examined but did not give the voluntary circumstances under which the devices were turned over. Petitioner's counsel advised Respondent that if Petitioner were satisfied, Petitioner would terminate the document discovery. *Id.* This offer to terminate indicates to me that Petitioner did not know what he was looking for but was fishing and if the fishing was not good, Petitioner was packing up and going home. It is important to remember, the information sought was related to the foreign litigation, not Respondent's other activities he described in ECF 30.

For the reasons stated above, I find that Respondent has complied with the subpoenas and therefore the Motion for Sanctions for Spoliation (ECF 59) is DENIED. Accordingly, ECF 62, incorporated into Respondent's Opposition is DISMISSED as MOOT. A separate Order will issue.

28 July 2021
Date

A. David Copperthite
United States Magistrate Judge